934 So.2d 515 (2005)
Sheldon W. HEPBURN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-533.
District Court of Appeal of Florida, Third District.
September 14, 2005.
Sheldon W. Hepburn, in proper person.
Charles J. Crist, Jr., Attorney General, and Consuelo Maingot, Assistant Attorney General, for appellee.
Before GREEN and SHEPHERD, JJ., and SCHWARTZ, Senior Judge.
SHEPHERD, J.
On April 13, 2005, in conjunction with our denial of appellant Sheldon Hepburn's fifth motion to correct illegal sentence, we ordered him to show cause why he should not be prohibited from filing further pro se proceedings with this court concerning his March, 23, 1998 conviction and sentence for home invasion robbery, kidnapping, and armed burglary with an assault or battery in lower court case numbers 97-28660 and 97-28661. We have carefully considered appellant's response to the court's show cause order, see State v. Spencer, 751 So.2d 47 (Fla.1999), and, concluding that good cause has not been shown, now prohibit appellant from filing any additional pro se appeals, pleadings, motions, or petitions relating to this conviction and sentence.

I. Facts
On March 23, 1998, Hepburn pled nolo contendere to two counts of armed home invasion robbery, two counts of kidnapping with a weapon, and one count of armed burglary with an assault or battery. The offenses occurred in March 1997. In exchange for his plea, Hepburn was sentenced to 17.4 years on each count to run *516 concurrently, with a fifteen-year mandatory minimum on each count because of his status as a habitual violent felony offender. Each of the five charges had a maximum penalty of life imprisonment. Since then, Hepburn has been a frequent return visitor to our court and the court below, which we believe justifies the action we are now taking. A brief history of Hepburn's multiple appellate filings since he was found guilty and the disposition thereof is necessary.

II. Post-Conviction Relief
Beginning in September 1998, Hepburn began seeking post-conviction relief. That month, Hepburn filed his first Florida Rule of Criminal Procedure 3.850 motion arguing a double-jeopardy violation and ineffective assistance of counsel for failure to object to illegal sentencing as a habitual violent felony offender. Hepburn's double-jeopardy claim was found to have merit and relief was granted, while his ineffective assistance claim was denied and later affirmed on appeal by this court. Hepburn v. State, 730 So.2d 688 (Fla. 3d DCA 1999) (table). Although Rule 3.850(c)(4) precludes the filing of additional Rule 3.850 motions without a statement of "the reason or reasons the claim or claims . . . were not raised in the former motion," see Spaziano v. State, 545 So.2d 843, 844 (Fla. 1989) ("[u]nless petitioner shows the justification for failure to raise the present issue in the first petition, the second successive petition pursuant to Florida Rule of Criminal Procedure 3.850 may be dismissed as an abuse of procedure"), Hepburn filed three additional petitions within the two-year period in which Rule 3.850 petitions generally may be filed. On April 26, 1999, Hepburn filed his second Rule 3.850 motion, arguing that he did not burglarize a structure because entry was made with the owner's consent. That motion was denied and later affirmed by this court. Hepburn v. State, 737 So.2d 1097 (Fla. 3d DCA 1999) (table). On December 7, 1999, Hepburn filed his third Rule 3.850 motion, arguing that: 1) moving a person from a living room to a bedroom is not kidnapping; 2) his entry to the structure was with consent; and 3) he was illegally sentenced as a habitual violent felony offender. The second point raised by this motion was identical to that previously denied in his second Rule 3.850 motion, the third point identical to that denied in his first such motion. The third motion ultimately was denied and the denial affirmed by this court. Hepburn v. State, 750 So.2d 157 (Fla. 3d DCA 2000) (table).
On March 16, 2000, Hepburn filed his fourth Rule 3.850 motion, arguing that the circuit court should not have accepted his plea because the evidence only showed that:
during the course of the armed home invasion robbery and armed burglary [the victims] were confined by the defendant and his confederates by simply holding them at gunpoint, they were moved from the kitchen area to the bedroom and were told to lie on the floor and that their confinement ended once the robbery had ceased.
The point raised and argument made in this motion are nearly identical to the first issue raised and denied in his third Rule 3.850 motion. This fourth Rule 3.850 motion was denied and later affirmed by this court. Hepburn v. State, 764 So.2d 594 (Fla. 3d DCA 2000) (table). Although it is apparent from just a cursory consideration of the issues raised in these subsequent Rule 3.850 motions that, at least taken together, they constitute an "abuse of procedure" by defendant, nevertheless the lower court and this court treated them on *517 the merits.[1]
As the two-year time limit for filing Rule 3.850 motions came to an end, defendant began filing Rule 3.800(a) motions. On July 12, 2000, Hepburn filed his first Rule 3.800(a) motion, alleging that his designation as a habitual violent felony offender, which he had already challenged in his first and third Rule 3.850 motions, was illegal under Heggs v. State, 759 So.2d 620 (Fla.2000). This motion was denied and affirmed by this court. Hepburn v. State, 778 So.2d 448 (Fla. 3d DCA 2001). Hepburn also sought a writ of mandamus from this court to compel the trial court to rule on a "combination Rule 3.850 and Rule 3.800 motion." The petition for mandamus was dismissed as moot. See id.
On February 20, 2001, Hepburn filed his second Rule 3.800(a) motion arguing, as he also did in his first and third Rule 3.850 and first Rule 3.800(a) motions, that counsel was ineffective for failing to properly object to the state's attempt to seek a habitual offender sentence enhancement. The motion was denied and affirmed on appeal to this court. Hepburn v. State, 783 So.2d 265 (Fla. 3d DCA 2001) (table).
During the summer of 2001, and again during the summer of 2002, Hepburn filed his third and fourth Rule 3.800(a) motionsboth arguing that he was illegally sentenced as a habitual violent felony offender. As can be gleaned by reference to our description of his earlier filings, these were the fourth and fifth times respectively that defendant raised this issue. These motions were, of course, denied. We are unaware of any appeals taken from these denials. The most recent appeal from his fifth Rule 3.800(a) motion attacked his habitualization as a violent felony offender for yet a sixth time. The circuit court again denied the motion as successive in a written order attaching a prior order reflecting one of the instances where the identical issue had been previously raised. Not getting the message, Hepburn appealed the denial to this court and we, of course, again summarily affirmed. Hepburn v. State, 792 So.2d 464 (Fla. 3d DCA 2001) (table). Our order to show cause grows out of this transparent post-conviction progression.

III. Frivolous Appeals by Prisoners
In the six years following his plea, Hepburn has filed ten post-trial motions: four Rule 3.850 motions, five Rule 3.800 motions, and one petition for writ of mandamus. Except for the initial Rule 3.850 motion, his motions have been without merit. Six of them have been at least partially successive.[2] During the eighty-eight months that have passed since Hepburn's March 23, 1998 plea and sentence, he has been seeking to overturn or ameliorate the fate he voluntary accepted on that March day for eighty-two of those months.
We recognize that incarcerated persons should and do have a full panoply of procedural vehicles with which to challenge the lawfulness of their incarcerations. See State v. Spencer, 751 So.2d 47, 49 (Fla.1999) (citing Rivera v. State, 728 So.2d 1165, 1166 (Fla.1998)); Attwood v. Singletary, 661 So.2d 1216, 1217 (Fla. 1995); Art. I, § 21, Fla. Const. ("The courts shall be open to every person for redress of any injury. . . ."). On the other hand, there is no constitutional right to file *518 a frivolous lawsuit. See Lewis v. Casey, 518 U.S. 343, 353, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) ("Depriving someone of a frivolous claim [] deprives him of nothing at all, except perhaps the punishment of [] sanctions."). Activity of this type not only wastes public resources, but also diminishes the ability of the courts to devote their finite resources to the consideration of legitimate claims. See Spencer, 751 So.2d at 48.
Because of the potential for waste and abuse, the legislature recently has admonished the judiciary that "it is the Legislature's intent that all terms and conditions of direct appeal and collateral review [shall] be strictly enforced." § 924.051(8), Fla. Stat. (2005) (emphasis added). See also O'Brien v. State, 689 So.2d 336, 337 (Fla. 5th DCA 1997) ("direct[ing]" that post-conviction litigants in that court be on notice of the newly-adopted admonition and warning of consequences for violations).
As we have noted, this is Hepburn's tenth post-trial motion or petition. We believe that Hepburn has exhausted his post-conviction remedies. Cassady v. State, 683 So.2d 1194, 1194 (Fla. 5th DCA 1996) (the defendant "appears to have exhausted his post-conviction remedies and has certainly exhausted us in doing so"). See also Johnson v. State, 680 So.2d 1101, 1102 (Fla. 5th DCA 1996) ("Even Herman Melville had to come to an ending in Moby Dick."). After repeated denials of multiple, successive filings, there comes a point where "enough is enough." Isley, 652 So.2d at 410-11. Based upon a careful review of Hepburn's filings in this court, we conclude that Hepburn's filings have reached that point.

IV. Conclusion
For the foregoing reasons, we order that henceforth any pleadings or papers filed in this court relating to case numbers 97-28660 and 97-28661 must be reviewed and signed by an attorney licensed to practice law in this state, and the Clerk of the Third District Court of Appeal is directed not to accept any further pro se pleadings from appellant relating to said cases.
So ordered.
NOTES
[1] At least some of the issues should have been treated on direct appeal. See, e.g., Johnson v. State, 921 So.2d 490 (Fla. 2005) (holding that a defense of consent to a burglary charge must be raised at trial or on direct appeal).
[2] Successive motions are motions that "have been heard, considered and rejected. To raise them again is an abuse of process". Isley v. State, 652 So.2d 409, 410 (Fla. 5th DCA 1995).