915 So.2d 682 (2005)
Earl A. JOHNSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-1380.
District Court of Appeal of Florida, Third District.
November 2, 2005.
Rehearing Denied November 22, 2005.
*683 Earl A. Johnson, in proper person.
Charles J. Crist, Jr., Attorney General, and John D. Barker, Assistant Attorney General, for appellee.
Before WELLS, SHEPHERD and CORTIÑAS, JJ.
SHEPHERD, J.
On August 3, 2005, in conjunction with our denial of Petitioner Earl A. Johnson's twelfth petition for writ of habeas corpus, we ordered him to show cause why he should not be prohibited from filing further pro se proceedings with this court concerning his October 18, 1978 conviction and sentence for burglary, involuntary sexual battery, robbery, kidnapping, and unlawful possession of a firearm by a convicted felon in lower court case number 78-12488. We have carefully considered defendant's response to the court's show cause order, see State v. Spencer, 751 So.2d 47 (Fla.1999), and, concluding that good cause has not been shown, now prohibit him from filing any additional pro se appeals, pleadings, motions, or petitions relating to this conviction and sentence.

I. Facts
After pleading guilty on October 18, 1978, to the above charges, defendant was sentenced to 119 years in state prison. The trial court reserved jurisdiction to oversee defendant's parole eligibility. Shortly thereafter, the defendant filed his first motion pursuant to Florida Rule of Criminal Procedure 3.800, urging that the trial court's retention of jurisdiction over his parole eligibility was unlawful. The motion was granted.
Emboldened by this victory, defendant began filing additional motions. By our count, this is defendant's twenty-fourth post-conviction appearance before this court since he pled guilty on October 18, 1978. His motions include: four Florida Rule of Criminal Procedure 3.850 motions, two petitions for belated appeal, two motions to withdraw plea or vacate judgment, three Florida Rule of Criminal Procedure Rule 3.800 motions alleging illegal sentence, and eleven prior petitions for writ of habeas corpus. Almost all of his filings have been hopelessly successive: claims of double jeopardy (seven); claims that his plea was not voluntarily entered (six); claims that the trial court lacked jurisdiction to sentence him (three); and claims that the plea lacked a factual basis (twice). Defendant has been unsuccessful in all of them.[1]
*684 Ironically, defendant's most recent theory is that he has not been afforded the opportunity to appeal, an argument he has made in nine prior petitions or appeals. On the contrary, defendant has availed himself of review opportunities before this court to the point of abuse.

II. Frivolous Appeals by Prisoners
We recognize that incarcerated persons should and do have a full panoply of procedural vehicles with which to challenge the lawfulness of their incarcerations. Hepburn v. State, No. 30 Fla. L. Weekly D2171, ___ So.2d ___, 2005 WL 2219472 (Fla. 3d DCA Sept. 14, 2005). However, we also are aware of the not infrequent abuse by post-conviction litigants of this process and the concomitant misapplication and waste of limited judicial resources which might otherwise be expended on more meritorious claims and issues. The taxpayers of this state also rightly expect that their government and each of its branches will wisely use the funds annually exacted from them to support the functions of government.
Cognizant of the burden of post-conviction litigation on the courts of this state and the extent of meritless claims filed, the legislature recently declared its "intent that all terms and conditions of [both] direct appeal and collateral review [shall] be strictly enforced." § 924.051(8), Fla. Stat. (2005) (emphasis added). See also O'Brien v. State, 689 So.2d 336, 337 (Fla. 5th DCA 1997) (directing that post-conviction litigants in that court be on notice of the newly-adopted admonition and warning of consequences for violations).
As we have noted, this is defendant's twenty-fourth post-conviction appeal. In addition, defendant has filed at least three other motions with the trial court and one petition with our local federal court. In the words of former Judge Antoon, "[it] appears to [us that defendant has] exhausted his post-conviction remedies and has certainly exhausted us in doing so." Cassady v. State, 683 So.2d 1194, 1194 (Fla. 5th DCA 1996); see also Johnson v. State, 680 So.2d 1101, 1102 (Fla. 5th DCA 1996) ("Even Herman Melville had to come to an ending in Moby Dick."). After repeated denials of multiple, successive filings, there comes a point where "enough is enough." Isley v. State, 652 So.2d 409, 410-11 (Fla. 5th DCA 1995). Based upon careful review of defendant's filings in this court, we conclude that defendant has reached that point.

IV. Conclusion
For the foregoing reasons, we order that henceforth any pleadings or papers filed in this court relating to case number 78-12488 must be reviewed and signed by an attorney licensed to practice law in this state, and the Clerk of the Third District Court of Appeal is directed not to accept *685 any further pro se pleadings from defendant relating to said case.
So ordered.
NOTES
[1] Johnson v. Crosby, 905 So.2d 140 (Fla. 3d DCA 2005) (table); Johnson v. State, 895 So.2d 425 (Fla. 3d DCA 2005) (table); Johnson v. State, 886 So.2d 234 (Fla. 3d DCA 2004) (table); Johnson v. Crosby, 876 So.2d 568 (Fla. 3d DCA 2004) (table); Johnson v. State, 861 So.2d 1162 (Fla. 3d DCA 2003) (table); Johnson v. Crosby, 855 So.2d 65 (Fla. 3d DCA 2003) (table); Johnson v. State, No. 02-1286, 826 So.2d 307 (Fla. 3d DCA July 17, 2002); Johnson v. Moore, 810 So.2d 951 (Fla. 3d DCA 2002) (table); Johnson v. State, 787 So.2d 863 (Fla. 3d DCA 2001) (table); Johnson v. State, 761 So.2d 1117 (Fla. 3d DCA 2000) (table); Johnson v. State, 743 So.2d 523 (Fla. 3d DCA 1999) (table); Johnson v. Moore, 736 So.2d 1197 (Fla. 3d DCA 1999) (table); Johnson v. State, 736 So.2d 1197 (Fla. 3d DCA 1999) (table); Johnson v. State, 725 So.2d 1127 (Fla. 3d DCA 1998) (table); Johnson v. State, 821 So.2d 1075 (Fla. 3d DCA 1997) (table); Johnson v. State, 698 So.2d 854 (Fla. 3d DCA 1997) (table); Johnson v. State, 688 So.2d 927 (Fla. 3d DCA 1997) (table); Johnson v. Florida Parole Comm'n, 679 So.2d 784 (Fla. 3d DCA 1996) (table); Johnson v. State, 591 So.2d 636 (Fla. 3d DCA 1991) (table); Johnson v. State, 556 So.2d 402 (Fla. 3d DCA 1989) (table); Johnson v. State, 497 So.2d 249 (Fla. 3d DCA 1986) (table); Johnson v. Crawford, 422 So.2d 854 (Fla. 3d DCA 1982) (table). Although unreviewable because they are per curiam affirmances, Stallworth v. Moore, 827 So.2d 974, 977 (Fla. 2002), Johnson has sought review of two of these cases in the Florida Supreme Court. See Johnson v. Crosby, 860 So.2d 977 (Fla. 2003); Johnson v. State, 700 So.2d 686 (Fla. 1997).