963 So.2d 797 (2007)
Herman MINOR, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-715.
District Court of Appeal of Florida, Third District.
July 25, 2007.
Herman Minor, in proper person.
Bill McCollum, Attorney General, and William J. Selinger, Assistant Attorney General, for appellee.
Before COPE, RAMIREZ, and SHEPHERD, JJ.
SHEPHERD, J.
On January 19, 2005, defendant, Herman Minor, filed a petition for writ of habeas corpus with the trial court. After the trial court entered its order denying defendant's petition, defendant filed his appeal. On June 15, 2006, we ordered defendant to show cause why he should not be prohibited from filing further pro se proceedings with this court concerning his October 13, 1994 conviction and sentence. After carefully considering defendant's response, see State v. Spencer, 751 So.2d 47 (Fla.1999), and concluding defendant's current appeal lacks merit and that good cause has not been shown, we now prohibit him from filing any additional pro se appeals, pleadings, motions, or petitions relating to this conviction and sentence.

I. Facts
Defendant originally was charged with second-degree murder with a firearm in count one, and unlawful possession of a firearm by a convicted felon in count two, based on an incident occurring on July 28, 1993, where defendant shot and killed a victim named Bruce Scott. The jury returned a verdict of guilty to the lesser included charge of manslaughter on count one and guilty of the charge of firearm possession on count two. The trial court sentenced defendant to life for count one and thirty years for count two. Defendant was habitualized as a habitual violent felony offender for both counts and received a fifteen-year mandatory minimum sentence *798 for count one and a three-year mandatory minimum sentence for count two. In addition, the trial court ordered the sentences to run concurrent with each other. This court affirmed defendant's conviction on direct appeal. Minor v. State, 662 So.2d 435 (Fla. 3d DCA 1995).
This is defendant's tenth post-conviction motion or petition for relief to reach this court. Defendant previously contested his habitualization at least six times.[1] Defendant also has challenged other aspects of his case, including arguments that: (1) the voir dire of the jury panel was improper, Minor v. State, 825 So.2d 397 (Fla. 3d DCA 2002); (2) evidence was improperly admitted, Minor, 662 So.2d 435; (3) there was insufficient evidence to support his conviction for count two, Minor v. State, 705 So.2d 16 (Fla. 3d DCA 1998); and (4) the prosecutor's closing argument was improper, Minor, 705 So.2d 16. We have rejected all claims to date.

II. Frivolous Appeals Petitioners
Defendant styles his current attempt as a petition for habeas relief. In this petition, defendant once again alleges the trial court erred in reclassifying his manslaughter conviction as a first-degree felony without a sufficient jury finding that he used a firearm and that his habitualization was illegal. This matter was resolved firmly against defendant in 1998 and has consistently been affirmed. Owing to the frivolous nature of defendant's allegation, we issued an order to show cause why defendant should not be precluded from filing further post-conviction motions regarding his conviction and sentence. Defendant has filed a fifty-page response, arguing that to prevent him from filing further motions would result in a "manifest injustice" based on his constant refrain of error regarding his habitualization.[2] To the contrary, defendant's filings have reached the point of abuse such that it would be manifest injustice to allow him to continuously reargue matters, the merits of which already have been decided against him. Permitting defendant to continue can only result in diverting limited resources away from potentially meritorious cases and towards a hopeless appeal. There must be a point in which finality occurs. See Johnson *799 v. State, 915 So.2d 682, 684 (Fla. 3d DCA 2005)("After repeated denials of multiple, successive filings, there comes a point where enough is enough.")(internal quotations omitted); see also Carter v. State, 929 So.2d 1161, 1162 n. 1 (Fla. 5th DCA 2006)("We further note that [defendant] cannot persist in contesting his sentences forever."); Isley v. State, 652 So.2d 409, 410-11 (Fla. 5th DCA 1995)("This case reminds me of my grandmother's final warning and admonition to me and my siblings as children, when we had exhausted her patience with our doings. `Enough is enough,' she would say. And that was the end of it."). Based upon careful review of defendant's filings in this court, we conclude defendant has reached that point.
We also caution defendant that a prisoner who is found by a court to have brought a frivolous suit, action, claim, proceeding, or appeal in any court is subject to having his gain-time forfeited. § 944.28(2)(a), Fla. Stat. (2005)("All or any part of the gain-time earned by a prisoner according to the provisions of law is subject to forfeiture if such prisoner . . . is found by a court to have brought a frivolous suit, action, claim, proceeding, or appeal in any court. . . ."); § 944.279(1), Fla. Stat. (2005)("A prisoner who is found by a court to have brought . . . a frivolous or malicious collateral criminal proceeding, which is filed after September 30, 2004, . . . is subject to disciplinary procedures pursuant to the rules of the Department of Corrections."); Simon v. State, 904 So.2d 487 (Fla. 3d DCA 2005).

IV. Conclusion
For the foregoing reasons, we affirm the trial court's order denying defendant's petition for writ of habeas relief, and we order that henceforth any pleadings or papers filed in this court relating to case number F93-25452 must be reviewed and signed by an attorney licensed to practice law in this state, and the Clerk of the Third District Court of Appeal is directed not to accept any further pro se pleadings from defendant relating to said case.
Denial of writ of habeas corpus affirmed.
NOTES
[1] Minor v. State, 876 So.2d 569 (Fla. 3d DCA 2004)(table)(seeking a second writ of mandamus where the trial court denied a post-conviction motion alleging the oral pronouncement does not support habitualization); Minor v. State, 871 So.2d 238 (Fla. 3d DCA 2004)(table)(seeking a writ of mandamus where the trial court denied a post-conviction motion alleging the oral pronouncement did not support habitualization); Minor v. State, 864 So.2d 422 (Fla. 3d DCA 2003)(table) (alleging the oral pronouncement did not support habitualization and the State failed to prove defendants prior conviction); Minor v. State, 831 So.2d 191 (Fla. 3d DCA 2002)(table)(alleging his habitualization sentence was illegal where the trial court did not orally sentence defendant as a habitual violent felony offender and the State failed to prove the necessary facts of his prior felony conviction); Minor v. State, 799 So.2d 1053 (Fla. 3d DCA 2001)(table)(alleging his sentence was illegally enhanced without a jury finding that defendant used a firearm and without proof of prior felonies); Minor v. State, 707 So.2d 1184 (Fla. 3d DCA 1998)(alleging "defendant was denied effective assistance of counsel for counsel's failure to move to have the illegal sentence of habitualization vacated").
[2] In addition, defendant raises several new points of error regarding defendant's conviction and sentence that were not previously raised in his current petition or in his appeal of the trial court's denial. Some of the new issues include: (1) failure by the State to file a proper information; (2) error regarding jury instructions; (3) an alleged defective verdict form; (4) failure by the trial court to include lesser included offenses in the verdict form; and (5) failure to orally pronounce defendant's habitualization sentence. These arguments are, of course, procedurally barred and hopelessly successive.