974 So.2d 1116 (2008)
Irwin HICKS, Jr., Petitioner,
v.
The STATE of Florida, Respondent.
No. 3D07-1426.
District Court of Appeal of Florida, Third District.
January 16, 2008.
Rehearing Denied March 10, 2008.
*1117 Irwin Hicks, Jr., in proper person.
Bill McCollum, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for respondent.
Before RAMIREZ, SHEPHERD and CORTIÑAS, JJ.
SHEPHERD, J.
On May 23, 2007, Appellant, Irwin Hicks, Jr., filed a Petition for Writ of Mandamus with this Court. On July 13, 2007, we ordered Hicks to show cause why he should not be prohibited from filing further pro se proceedings with this Court concerning his February 29, 2000, conviction and sentence for attempted trafficking in cocaine in lower court case number 99-6190. After carefully considering Hick's response to this Court's show cause order, see State v. Spencer, 751 So.2d 47 (Fla. 1999), and concluding that good cause has not been shown, we now prohibit Hicks from filing any additional pro se appeals, pleadings, motions, or petitions relating to this conviction and sentence.

I. Facts
Hicks originally was charged with trafficking in cocaine over 400 grams and conspiracy to traffic in violation of sections 893.135(1)(b) and (5), Florida Statutes (1999). The charges arose from his purchase of one-half kilogram of cocaine for $6000 from undercover officers. In February 2000, the matter proceeded to a jury trial. Hicks was found guilty of the lesser-included offense of attempted trafficking in cocaine and was acquitted of conspiracy to traffic. He was sentenced to ten years in state prison with credit for time served. We affirmed the conviction on direct appeal. Hicks v. State, 771 So.2d 1174 (Fla. 3d DCA 2000).
This petition for mandamus is Hicks' sixteenth petition or motion for post conviction relief[1] to reach this Court.[2] It is *1118 his fourth mandamus petition.[3] In the present petition, Hicks contends his conviction for attempted trafficking in cocaine is illegal. We first resolved this contention adversely to Hicks on his direct appeal in 2000, and we regularly have approved the conviction in the face of repeated challenges brought by him over the last seven years.

II. Frivolous Appeals by Prisoners
"We recognize that incarcerated persons should and do have a full panoply of procedural vehicles with which to challenge the lawfulness of their incarcerations." Hepburn v. State, 934 So.2d 515, 517 (Fla. 3d DCA 2005); Johnson v. State, 915 So.2d 682, 684 (Fla. 3d DCA 2005). There is, however, no constitutional right to file a frivolous lawsuit. See Hepburn, 934 So.2d at 517-18; see also Lewis v. Casey, 518 U.S. 343, 353, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) ("Depriving someone of a frivolous claim . . . deprives him of nothing at all, except perhaps the punishment of . . . sanctions."). As this Court stated in both Minor and Johnson, "there comes a point where enough is enough." Minor v. State, 963 So.2d 797, 799 (Fla. 3d DCA 2007); Johnson, 915 So.2d at 684. Based upon careful review of Hicks' filings in this Court, we believe he has reached that point.

III. Conclusion
For the foregoing reasons, we deny Hicks' Petition for Writ of Mandamus. We further direct the Clerk of the Third District Court of Appeal to refuse to accept for filing in this Court any further appeals, pleadings, motions, petitions, or other papers relating to Hicks' conviction and sentence in case number 99-6190 unless they are filed by a Florida Bar member in good standing. Finally, we direct the Clerk to forward a certified copy of this opinion to the Department of Corrections for consideration by that institution of disciplinary measures against Hicks pursuant to sections 944.279(1) and 944.28(2)(a), Florida Statutes (2005), for the filing of a frivolous appeal.
Petition denied.
NOTES
[1] Hicks v. State, 952 So.2d 1199 (Fla. 3d DCA 2007) (table); Hicks v. State, 939 So.2d 107 (Fla. 3d DCA 2006) (table); Hicks v. State, 920 So.2d 8 (Fla. 3d DCA 2005) (table); Hicks v. State, 905 So.2d 990 (Fla. 3d DCA 2005); Hicks v. State, 901 So.2d 132 (Fla. 3d DCA 2005); Hicks v. State, 875 So.2d 627 (Fla. 3d DCA 2004) (3D04-1083) (table); Hicks v. State, 875 So.2d 627 (Fla. 3d DCA 2004) (3D04-1071) (table); Hicks v. State, 831 So.2d 188 (Fla. 3d DCA 2002) (3D02-2831) (table); Hicks v. State, 831 So.2d 188 (Fla. 3d DCA 2002) (3D02-2344) (table); Hicks v. State, 821 So.2d 1074 (Fla. 3d DCA 2002) (table); Hicks v. State, 806 So.2d 485 (Fla. 3d DCA 2002) (table); Hicks v. State, 771 So.2d 1174 (Fla. 3d DCA 2000) (table).
[2] Hicks has sought on at least one occasion to invoke discretionary review in the Florida Supreme Court, where his petition was dismissed for lack of jurisdiction. Hicks v. State, 837 So.2d 409 (Fla.2003).
[3] Hicks v. State, 3D07-1070; Hicks v. State, 944 So.2d 997 (Fla. 3d DCA 2006); Hicks v. State, 825 So.2d 395 (Fla. 3d DCA 2002).