983 So.2d 658 (2008)
Gus LANIER, Appellant/Petitioner,
v.
The STATE of Florida, Appellee/Respondent.
Nos. 3D07-2928, 3D07-2927, 3D07-2926, 3D07-2819.
District Court of Appeal of Florida, Third District.
May 21, 2008.
Gus Lanier, in proper person.
Bill McCollum, Attorney General, and Nicholas Merlin, Assistant Attorney General, for appellee/respondent.
Before GREEN, SHEPHERD, and CORTIÑAS, JJ.
SHEPHERD, J.
On November 5, 2007, Appellant, Gus Lanier, filed a Petition for Writ of Mandamus with this Court. On December 28, 2007, we ordered Lanier to show cause why he should not be prohibited from filing further pro se proceedings with this Court concerning his convictions and sentences stemming from lower tribunal case numbers 02-27820, 05-9631, and 07-18004. *659 Having received no response from Lanier, see State v. Spencer, 751 So.2d 47 (Fla. 1999), and having reviewed the State's response and the record, we now prohibit Lanier from filing any additional pro se appeals, pleadings, motions, or petitions relating to these convictions and sentences.

I. Facts
In lower tribunal case number 02-27820, Lanier was charged with four counts of aggravated assault on a law enforcement officer, in violation of section 784.021, Florida Statutes (2002), and with resisting an officer without violence, in violation of section 843.02, Florida Statutes (2002).[1] In lower tribunal case number 05-9631, Lanier was charged with battery on a law enforcement officer, in violation of section 784.07(2)(b), Florida Statutes (2002), battery on a facility employee, in violation of section 784.078, Florida Statutes (2002), and threatening a public servant, in violation of section 838.021, Florida Statutes (2002).[2] In lower tribunal case number 07-18004, Lanier was charged with threatening to throw a destructive devicea bombin violation of section 790.162, Florida Statutes (2007), possession of cocaine, in violation of section 893.13, Florida Statutes (2007), and possession of drug paraphernalia, in violation of section 893.147(1), Florida Statutes (2007).[3]
This petition for mandamus is Lanier's forty-fifth petition or motion for post conviction relief to reach this Court, thirty-one of which pertain to these case numbers. This is his eighteenth mandamus petition, eleven of which pertain to these case numbers. In the present petition, Lanier contends (1) he has been deprived of due process because the prosecutor withheld exculpatory evidence; and (2) the Department of Corrections deprived him of phone calls, visitation, and interviews with his investigator, and did not allow him to contact the court reporter. We find not merit in this latest petition.

II. Frivolous Appeals by Prisoners
"We recognize that incarcerated persons should and do have a full panoply of procedural vehicles with which to challenge the lawfulness of their incarcerations." Hepburn v. State, 934 So.2d 515, 517 (Fla. 3d DCA 2005); Johnson v. State, 915 So.2d 682, 684 (Fla. 3d DCA 2005). There is, however, no constitutional right to file a frivolous lawsuit. See Hepburn, 934 So.2d at 517-18; see also Lewis v. *660 Casey, 518 U.S. 343, 353 n. 3, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) ("Depriving someone of a frivolous claim . . . deprives him of nothing at all, except perhaps the punishment of . . . sanctions."). As this Court stated in both Hicks v. State, 974 So.2d 1116, 1118 (Fla. 3d DCA 2008), and Minor v. State, 963 So.2d 797, 799 (Fla. 3d DCA 2007), "there comes a point where enough is enough." Based upon careful review of Lanier's filings in this Court, we believe he has reached that point.

III. Conclusion
For the foregoing reasons, we deny Lanier's Petition for Writ of Mandamus. We further direct the Clerk of the Third District Court of Appeal to refuse to accept for filing in this Court any further appeals, pleadings, motions, petitions, or other papers relating to Lanier's conviction and sentence in case numbers 3D07-2928, 3D07-2927, 3D07-2926, and 3D07-2819, unless they are filed by a Florida Bar member in good standing.[4] Finally, we direct the Clerk to forward a certified copy of this opinion to the Department of Corrections for consideration by that institution of disciplinary measures against Lanier pursuant to sections 944.279(1) and 944.28(2)(a), Florida Statutes (2007).
Petition denied.
NOTES
[1] Lanier has filed ten appeals or challenges with this Court stemming from lower tribunal number 02-27820. See, e.g., Case Nos. 3D07-2928; 3D07-2927; 3D07-2926; 3D06-2914; 3D06-2676; 3D06-2375; 3D06-246; 3D05-969; 3D04-2900. See also Lanier v. State, 915 So.2d 1219 (Fla. 3d DCA 2005); Lanier v. State, 868 So.2d 529 (Fla. 3d DCA 2004).
[2] Lanier has filed seven appeals or challenges with this Court stemming from lower tribunal number 05-9631. See, e.g., Case Nos. 3D07-2928; 3D07-2927; 3D07-2926; 3D06-2914; 3D06-2676; 3D06-2375; 3D06-246.
[3] Lanier has filed fourteen appeals or challenges with this Court stemming from lower tribunal number 07-18004. See, e.g., Lanier v. State, 967 So.2d 210 (Fla. 3d DCA 2007) (denying petition for writ of mandamus in unpublished table opinion); Lanier v. State, 967 So.2d 210 (Fla. 3d DCA 2007) (dismissing petition for writ of mandamus based on Logan v. State, 846 So.2d 472 (Fla.2003)); Lanier v. State, 961 So.2d 951 (Fla. 3d DCA 2007); Lanier v. State, 965 So.2d 139 (Fla. 3d DCA 2007) (denying motion for rehearing and for clarification in unpublished table opinion); Lanier v. State, 965 So.2d 138 (Fla. 3d DCA 2007) (appeal dismissed); Lanier v. State, 965 So.2d 138 (Fla. 3d DCA 2007) (denying petition for writ of mandamus in unpublished table opinion); Lanier v. State, 965 So.2d 1152 (Fla. 3d DCA 2007) (denying petition for writ of mandamus). Lanier also appealed a denial of one of his petitions for writ of mandamus to the Florida Supreme Court, which dismissed the appeal in an unpublished table opinion. Lanier v. State, 969 So.2d 1013 (Fla. 2007).
[4] We note the Florida Supreme Court directed its clerk to reject Lanier's pleadings because he had filed forty-eight meritless cases. Lanier v. State, 908 So.2d 332 (Fla.2005). Two years later, the Florida Supreme Court noted Lanier had filed twenty-two additional pro se proceedings. Lanier was sanctioned in some of his cases after he failed to respond to an order to show cause, and the court directed the clerk to reject any future filings under the same circumstances we have here. Lanier v. State, 973 So.2d 1122 (Fla.2007). As recently as March 27, 2008, the Florida Supreme Court again instructed its clerk to reject Lanier's pro se filings. Lanier v. State, 982 So.2d 626 (Fla.2008).