ROTHENBERG, J.
 

 Lathio Jenkins (“Jenkins”) appeals from an order issued by the trial court denying his Emergency Petition for Writ of Habeas Corpus and a motion to dismiss the information wherein Jenkins alleges he was improperly tried and convicted of armed robbery based upon an unsworn information. We affirm because habeas corpus is an improper remedy to address the issue raised, the claim asserted could have been raised on direct appeal or in a motion for postconviction relief, and the claim is without merit.
 

 Jenkins was convicted after a jury trial in December of 1993. This Court affirmed the conviction and sentence in 1994.
 
 Jenkins v. State,
 
 641 So.2d 1352 (Fla. 3d DCA 1994). Jenkins has filed at least nine motions seeking postconviction relief which were denied by the trial court and either affirmed or dismissed by this Court on appeal.
 
 Jenkins v. State,
 
 981 So.2d 1211 (Fla. 3d DCA 2008);
 
 Jenkins v. State,
 
 946 So.2d 1076 (Fla. 3d DCA 2007);
 
 Jenkins v. State,
 
 907 So.2d 537 (Fla. 3d DCA 2005);
 
 Jenkins v. State,
 
 901 So.2d 373 (Fla. 3d DCA 2005);
 
 Jenkins v. State,
 
 864 So.2d 421 (Fla. 3d DCA 2004);
 
 Jenkins v. State,
 
 821 So.2d 1075 (Fla. 3d DCA 2002);
 
 Jenkins v. State,
 
 761 So.2d 1117 (Fla. 3d DCA 2000);
 
 Jenkins v. State,
 
 751 So.2d 583 (Fla. 3d DCA 2000);
 
 Jenkins v. Singletary,
 
 717 So.2d 1024 (Fla. 3d DCA 1998).
 

 In November 2007, Jenkins filed an Emergency Petition for Writ of Habeas Corpus, and in January 2008, he filed a motion to dismiss the information. The petition and motion both alleged that al-though the information charging Jenkins ^h armed robbery was signed by an Assistant State Attorney and a deputy clerk of the court, because the information did not contain an official notary seal, it was defective.
 

 We begin with Jenkins’ choice of remedies. Habeas Corpus and a motion to dismiss the information, filed thirteen years after Jenkins’ conviction and sentence became final on appeal, are improper avenues to address the issue raised. This issue must be raised on direct appeal or in a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Jenkins had two years from the time his case became final in 1994 to seek postconviction relief under rule 3.850. Habeas corpus may not be relied upon to circumvent this time limitation.
 
 See Baker v. State,
 
 878 So.2d 1236 (Fla.2004);
 
 Slater v. State,
 
 951 So.2d 99 (Fla. 3d DCA 2007). Thus, we conclude that the instant claim was improperly brought and is untimely.
 

 In addition to the impropriety of the remedies sought by Jenkins and the untimeliness of his claim, is the fact that by proceeding to trial under the information, Jenkins waived any objection to it.
 
 See
 
 Fla. R.Crim. P. 3.140(g) (specifying that any alleged defect as to a signature or oath in an information must be asserted prior to a determination of the case on the merits).
 

 A review of the information additionally reveals that the claim asserted by Jenkins is without merit. There is no requirement under Florida law that the information contain a seal by a notary. Section 92.50(1), Florida Statutes (1992), provides that the oath may be administered by a deputy clerk of any court of
 
 *73
 
 record within this state
 
 or
 
 a notary public within this state. Because the information was signed by an Assistant State Attorney and the oath was administered by a deputy clerk of the court, the information was not defective.
 

 “We recognize that incarcerated persons should and do have a full panoply of procedural vehicles with which to challenge the lawfulness of their incarcerations.”
 
 Hepburn v. State,
 
 934 So.2d 515, 517 (Fla. 3d DCA 2005);
 
 Johnson v. State,
 
 915 So.2d 682, 684 (Fla. 3d DCA 2005). There is, however, no constitutional right to file a frivolous lawsuit.
 
 Hepburn,
 
 934 So.2d at 517-18;
 
 see also Lewis v. Casey,
 
 518 U.S. 343, 353 n. 3, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (“Depriving someone of a frivolous claim ... deprives him of nothing at all, except perhaps the punishment of ... sanctions.”). As this Court stated in
 
 Lanier v. State,
 
 983 So.2d 658, 660 (Fla. 3d DCA 2008),
 
 Hicks v. State,
 
 974 So.2d 1116, 1118 (Fla. 3d DCA 2008), and
 
 Minor v. State,
 
 963 So.2d 797, 799 (Fla. 3d DCA 2007), “there comes a point where enough is enough.” Based upon careful review of Jenkins’ filings in this Court, we believe he has reached that point. We, therefore, issue the following show cause order directing Jenkins to demonstrate, if he can, good cause why he should not be precluded from filing further pro se appeals with this Court in this case.
 

 Order affirmed; rule to show cause issued.
 

 ROTHENBERG, J.
 

 On November 5, 2008, this Court affirmed the trial court’s order denying the defendant’s Emergency Petition for Writ of Habeas Corpus and a motion to dismiss the information under which he was tried and convicted in December 1993. In the opinion issued by this Court, we additionally ordered the defendant to show good cause why he should not be precluded from filing further pro se appeals in the instant case. Upon review of the defendant’s response, we discharge the rule to show cause but caution the defendant to refrain from filing meritless and/or consecutive appeals in this 1993 case.
 

 Rule to show cause discharged.