SHEPHERD, J.
 

 On August 24, 1999, Derrick James was sentenced to twenty years in state prison as a habitual felony offender and prison releasee reoffender for burglary of an unoccupied dwelling and grand theft. Since then, he has peppered the trial court and this Court with post-trial motions, petitions, or appeals, almost faster than we or the trial court could respond. We today rule on his remaining petition for writ of mandamus and appeals pending before this Court, and follow the lead of the trial court
 
 [1]
 
 in prohibiting him from filing further pleadings, petitions, motions, documents, or other filings in this Court unless signed by a member of the Florida Bar in good standing.
 

 Proceeding in chronological order of their filing, we first consider a Petition for Writ of Mandamus filed by James on December 20, 2007, our Case No. 3D07-3309, in which James asks that we order the transcription of evidentiary hearings that occurred on November 30, 2004, August 24, 2007, and September 25, 2007, for use by him in now resolved proceedings that were pending in this Court under our consolidated Case Nos. 3D07-2791 and 3D07-2868. A painful and painstaking review of the record — James hardly could have created a more inscrutable one with his multiple, piecemeal, duplicative, and sometimes unintelligible filings — reveals the only two transcripts that might have been relevant to those consolidated cases were the August 24, 2007, and September 25, 2007 transcripts,
 
 [2]
 
 both of which were transcribed and filed in the trial court before James filed his petition, and ordered by the trial court, probably gratuitously,
 
 see Ridge v. Adams,
 
 643 So.2d 116, 117 (Fla. 5th DCA 1994) (“While indigent convicts can get [ ] free copies and services for
 
 *341
 
 plenary appeal there is no provision in law to obtain them thereafter.”), to be provided to James in an order rendered on December 13, 2007, and served on James the next day. Moreover, the record does not reflect James raised any claim about the sufficiency of the record at any time before we disposed of Case Nos. 3D07-2791 and 3D07-2868. Accordingly, we consolidate Case No. 3D07-3309 with 3D08-119 and deny this petition both on the merits and also on the basis it is now moot.
 

 We also have pending before us in this matter what James styled a Petition for Certiorari, but which we treat as an appeal, filed in this Court on December 31, 2007, Case No. 3D07-3356, which we previously consolidated into a subsequent appeal lodged in this Court on January 18, 2008, our Case No. 3D08-119, of the same orders that are the subject matter of the mandamus petition. By these proceedings, James seeks reversal of: (1) an additional provision of the order rendered December 13, 2007, which denied James’ request for the transcription of the same November 30, 2004 evidentiary hearing transcript, which is the subject of the Petition for Mandamus; and (2) the denial of a Motion to Disqualify (certain) Judges, and an Emergency Motion to Disqualify All of the Judges of the 11th and 17th Judicial Circuits. We affirm.
 

 During the course of our consideration of James’ presently pending petitions and appeals, we issued an order to James to show cause why he should not be prohibited from filing further pro se pleadings with this Court concerning these convictions. Appellant responded he felt a bar on his further filing of pro se motions before this Court was “not needed” because he “has filed (in good faith) every and all motions, petitions, etc. that Appellant intends to file to this Honorable Court....” We fervently disagree with James’ assertion that he has acted in good faith. We do conclude he has exhausted his post-conviction remedies and certainly has exhausted us in the process. We also conclude James has abused the judicial process by his multiple, duplicate filings, and filings within filings.
 
 [3]
 
 As we have said on many occasions, “[a’Jctivity of this type not only wastes public resources, but also diminishes the ability of the courts to devote their finite resources to the consideration of legitimate claims.”
 
 Hepburn v. State,
 
 934 So.2d 515, 518 (Fla. 3d DCA 2005) (citing
 
 State v. Spencer,
 
 751 So.2d 47, 48 (Fla.1999)).
 

 For the foregoing reasons, we: (1) consolidate Case No. 3D07-3309 with Case No. 3D08-119; (2) deny relief to James on his petition for writ of mandamus; (3) affirm the trial court’s orders on appeal in Case No. 3D08-119; and (4) direct the Clerk of the Third District Court of Appeal to refuse to accept for filing in this Court any further appeals, pleadings, motions, petitions, or other papers relating to
 
 *342
 
 James’ conviction and sentence in case number F98-28312 unless they are filed by a member of the Florida Bar in good standing. We further direct the Clerk to forward a certified copy of this opinion to the Department of Corrections for consideration by that institution of disciplinary measures against James pursuant to sections 944.279(1) and 944.28(2)(a), Florida Statutes (2008), for the filing of a frivolous appeal.
 

 So Ordered.
 

 [1]
 

 . On October 29, 2007, the trial court entered an order similar to the one we today enter.
 

 [2]
 

 . It appears the evidentiary record created on November 30, 2004, pertained to motions denied by the trial court in an omnibus Order Denying Defendant's Motion for Post Conviction Relief II, and Amended Motion for Post-Conviction II rendered on December 28, 2004.
 

 [3]
 

 . See
 
 James v. State,
 
 Case No. 3D01-1915 (appeal from denial of Florida Rule of Criminal Procedure 3.850 motion, per curiam affirmed);
 
 James v. State,
 
 Case No. 3D01-3004 (criminal other);
 
 James v. Moore,
 
 Case No. 3D02-1951 (Petition for Writ of Habeas Corpus denied);
 
 James v. State,
 
 Case No. 3D05-289 (Petition for Writ of Mandamus denied);
 
 James v. State,
 
 Case No. 3D05-1842 (Emergency Petition requesting Judicial Inquiry and Investigation of Case and Jurisdictional Transfer of the Case denied);
 
 James v. State,
 
 Case No. 3D07-392 (Emergency Petition for Writ of Prohibition denied);
 
 James v. State,
 
 Case No. 3D07-2791 (Petition denied without prejudice);
 
 James v. State,
 
 Case No. 3D07-2868 (Petition for Writ of Certiorari, consolidated with 3D07-2791, denied without prejudice);
 
 James v. State,
 
 3D07-3309 (Petition for writ of mandamus);
 
 James v. State,
 
 3D07-3356 (Petition for Writ of Certiorari);
 
 James v. State,
 
 3D08-119 (appeal from denial of Rule 3.850 motion, consolidated with 3D07-3356).