SHEPHERD, J.
On May 8, 2012, Ervin R. Villalobos filed a Notice of Appeal from the April 12, 2012, trial court order denying his most recent motion for postconviction relief filed below on September 7, 2011. On June 18, 2012, we ordered Villalobos to show cause why he should not be prohibited from filing further pro se proceedings with this court concerning his January 15,1993, conviction and sentence for capital sexual battery on a minor in lower court case number 92-5384. After carefully considering Villalo-bos’ response, see State v. Spencer, 751 So.2d 47 (Fla.1999), and concluding his current appeal lacks merit and that good cause has not been shown, we now prohibit him from filing any additional pro se appeals, pleadings, motions, or petitions relating to this conviction and sentence.
Villalobos originally was charged with two counts of capital sexual battery on a minor, and after jury trial was found guilty of one count of capital sexual battery on January 15, 1993. The trial court sentenced Villalobos to life in prison on January 20, 1993, with a twenty-five-year minimum mandatory provision. Thereafter, Villalobos filed a direct appeal to this court, which we affirmed. Villalobos v. State, 634 So.2d 822 (Fla. 3d DCA 1994).
Since his direct appeal, Villalobos has filed numerous postconviction motions or petitions for relief from his conviction and sentence. This court either has affirmed the lower court or denied direct relief on all these motions or petitions, after careful review revealed the issues raised were untimely, successive or without merit. See Villalobos v. State, 647 So.2d 121 (Fla. 3d DCA 1994); Villalobos v. Singletary, 662 So.2d 355 (Fla. 3d DCA 1995); Villalobos v. Singletary, 693 So.2d 558 (Fla. 3d DCA 1997); Villalobos v. State, 780 So.2d 83 (Fla. 3d DCA 2001); Villalobos v. State, 847 So.2d 481 (Fla. 3d DCA 2003); Villalobos v. State, 919 So.2d 455 (Fla. 3d DCA 2005); Villalobos v. State, 939 So.2d 109 (Fla. 3d DCA), rev. dismissed, 942 So.2d 414 (Fla.2006); Villalobos v. McDonough, 959 So.2d 1198 (Fla. 3d DCA 2007); Villalobos v. State, 963 So.2d 244 (Fla. 3d DCA 2007).
“We recognize that incarcerated persons should and do have a full panoply of procedural vehicles with which to challenge the lawfulness of their incarcerations.” Hepburn v. State, 934 So.2d 515, 517 (Fla. 3d DCA 2005); Johnson v. State, 915 So.2d 682, 684 (Fla. 3d DCA 2005). There is, however, no constitutional right to file a frivolous lawsuit. See Hepburn, 934 So.2d at 517-18; see also Lewis v. Casey, 518 U.S. 343, 353 n. 3, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (“Depriving someone of a frivolous claim ... deprives him of nothing at all, except' perhaps the punishment of ... sanctions.”). As this court has stated on several occasions, “there comes a point where enough is enough.” Hicks v. State, 974 So.2d 1116, 1118 (Fla. 3d DCA 2008); Minor v. State, 963 So.2d 797, 799 (Fla. 3d DCA 2007); Johnson, 915 So.2d at 684. We believe Villalobos has reached that point.
Accordingly, we affirm the trial court’s order denying Villalobos’ September 7, 2011, motion for postconviction relief. We further direct the Clerk of the Third Dis *972 trict Court of Appeal to refuse to accept for filing in this court any further appeals, pleadings, motions, petitions, or other papers relating to Villalobos’ conviction and sentence in case number 92-5384, unless they are filed by a Florida Bar member in good standing. Finally, we direct the Clerk to forward a certified copy of this opinion to the Department of Corrections for consideration by that institution of disciplinary measures against Villalobos, pursuant to sections 944.279(1) and 944.28(2)(a), Florida Statutes (2011), for the filing of a frivolous appeal.