ON ORDER TO SHOW CAUSE

SHEPHERD, J.
On March 11, 2013, Appellant, Keithan Darnell Battie, filed a “Motion for Collateral Review and or Direct Review or any *72 Review Necessary to Correct a Manifest Injustice” with this court. On April 15, 2013, we ordered Battie to show cause why he should not be prohibited from filing further pro se pleadings with this court concerning his January 1996 convictions and sentences arising from lower tribunal case number 94-7634. After carefully considering Battie’s response to this court’s show cause order, see State v. Spencer, 751 So.2d 47 (Fla.1999), and having reviewed the record, we now prohibit Battie from filing any additional pro se appeals, pleadings, motions, or petitions relating to these convictions and sentences.

FACTS

In January of 1996, Battie pled guilty to one count of first-degree murder and one count of second-degree murder. Battie was sentenced to consecutive life sentences, with a twenty-five-year minimum mandatory term for the first-degree murder conviction.
Since 1996, Battie has filed in excess of twenty petitions or motions for postconviction relief stemming from lower tribunal case number 94-7634.[1] In the current appeal, Battie argues the trial court did not accept his guilty plea in open court, thereby subjecting him to a manifest injustice. In his response to this court’s show cause order, Battie contends he “only submitted this issue to this Honorable Court ... because petitioner is prohibited from presenting any pro [ ] se issues in the lower tribunal.” Battie further argues the legally dispositive issue is not frivolous, malicious or a waste of the court’s valuable time. We disagree. Of the multiple cases Battie has filed with this court, none have been found to be meritorious.

FRIVOLOUS APPEALS BY PRISONERS

“We recognize that incarcerated persons should and do have a full panoply *73 of procedural vehicles with which to challenge the lawfulness of their incarcerations.” Edwards v. State, 96 So.3d 1154, 1155 (Fla. 3d DCA 2012) (quoting Hepburn v. State, 934 So.2d 515, 517 (Fla. 3d DCA 2005)). There is, however, no constitutional right to file a frivolous lawsuit. See Hepburn, 934 So.2d at 517-18; see also Villalobos v. State, 96 So.3d 970, 971 (Fla. 3d DCA 2012). As this court stated in Edwards v. State, 96 So.3d 1154, 1155 (Fla. 3d DCA 2012), and Middleton v. State, 95 So.3d 385, 388 (Fla. 3d DCA 2012), “there comes a point where enough is enough.” Based upon careful review of Battie’s filings in this court, we believe he has reached that point.

CONCLUSION

For the foregoing reasons, we affirm the trial court’s denial of Battie’s “Motion for Collateral Review and or Direct Review or any Review Necessary to Correct a Manifest Injustice.” We further direct the Clerk of the Third District Court of Appeal to refuse to accept for filing in this court and further appeals, pleadings, motions, petitions, or other papers to Battie’s convictions and sentences in lower tribunal case number 94-7634, unless they are filed by a Florida Bar member in good standing.
Finally, we direct the Clerk to forward a certified copy of this opinion to the Department of Corrections for consideration by that institution of disciplinary measures against Battie pursuant to sections 944.279(1) and 944.28(2)(a), Florida Statutes (2010). See Pettway v. McNeil, 987 So.2d 20 (Fla.2008).

. See Battie v. State, 77 So.3d 1268 (Fla. 3d DCA 2011) (table) (affirming order denying Florida Rule of Criminal Procedure 3.850 motion); Battie v. State, 77 So.3d 1268 (Fla. 3d DCA 2011) (table) (affirming denial of motion to withdraw a guilty plea); Battie v. State, 63 So.3d 770 (Fla. 3d DCA 2011) (affirming denial of petition for writ of habeas corpus); Battie v. State, 36 So.3d 103 (Fla. 3d DCA 2010) (affirming order denying Rule 3.850 motion); Battie v. State, 19 So.3d 317 (Fla. 3d DCA 2009) (table) (affirming order denying Rule 3.850 motion); Battie v. State, 19 So.3d 317 (Fla. 3d DCA 2009) (table) (affirming order denying Rule 3.850 motion); Battie v. State, 14 So.3d 1014 (Fla. 3d DCA 2009) (recognizing voluntary dismissal of appeal); Battie v. State, 13 So.3d 1064 (Fla. 3d DCA 2009) (granting State’s motion to dismiss appeal); Battie v. State, 13 So.3d 476 (Fla. 3d DCA 2009) (dismissing appeal for lack of appeal-able order); Battie v. State, 5 So.3d 680 (Fla. 3d DCA 2009) (denying petition for writ of habeas corpus); Battie v. State, 998 So.2d 612 (Fla. 3d DCA 2008) (affirming denial of writ of habeas corpus); Battie v. State, 990 So.2d 1070 (Fla. 3d DCA 2008) (denying petition for writ of prohibition); Battie v. State, 959 So.2d 266 (Fla. 3d DCA 2007) (table) (denying petition for belated appeal); Battie v. State, 948 So.2d 767 (Fla. 3d DCA 2007) (table) (denying motion for clarification); Battie v. State, 946 So.2d 26 (Fla. 3d DCA 2007) (table) (granting petition for belated appeal and affirming order under review); Battie v. State, 848 So.2d 325 (Fla. 3d DCA 2003) (table) (denying petition for writ of habeas corpus); Battie v. Singletary, 825 So.2d 941 (Fla. 3d DCA 2001) (denying motion for rehearing); Battie v. Singletary, 791 So.2d 1261 (Fla. 3d DCA 2001) (denying motion to reopen earlier petition for belated appeal); Battie v. State, 793 So.2d 953 (Fla. 3d DCA 2001) (table) (affirming order denying Florida Rule of Criminal Procedure 3.800 motion); Battie v. State, 766 So.2d 1053 (Fla. 3d DCA 2000) (table) (affirming order denying Rule 3.850 motion); Battie v. State, 747 So.2d 942 (Fla. 3d DCA 1999) (table) (denial of petition for writ of mandamus); Battie v. Singletaiy, 718 So.2d 323 (Fla. 3d DCA 1998) (treating petition for writ of habe-as as petition for belated appeal and denying same).