# Third District Court of Appeal

## State of Florida

Opinion filed July 16, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-2616
Lower Tribunal No. 00-26687
_____

**Earl Travis Campbell,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Habeas Corpus.

Earl Travis Campbell, in proper person.

Pamela Jo Bondi, Attorney General, and Marlon J. Weiss, Assistant Attorney General, for respondent.

Before ROTHENBERG, FERNANDEZ, and LOGUE, JJ.

ROTHENBERG, J.

The present habeas corpus petition is Earl Travis Campbell's ("the defendant") eleventh postconviction effort to overturn his December 2000

conviction and subsequent sentence for second degree murder with a firearm.[1]  In addition to the fact that this is the defendant's eleventh effort, the claim the defendant raises in his current petition is wholly without merit.  Although the defendant claims that manifest injustice has occurred due to the trial court's failure to instruct the jury on justifiable and excusable homicide when instructing the jury on the lesser-included offense of manslaughter, the record, reflects that the trial court properly instructed the jury on justifiable and excusable homicide and then again expressly referenced the justifiable and excusable homicide instructions

---

[1] (1) Direct appeal filed on 2/16/01 and per curiam affirmed on 2/27/02.  Campbell v. State, 807 So. 2d 801 (Fla. 3d DCA 2002).

(2) Rule 3.850 motion for postconviction relief filed in the trial court on 8/29/02, and denied on 8/22/06.

(3) Petition for writ of mandamus denied by this Court in 2003.  Campbell v. State, 857 So. 2d 886 (Fla. 3d DCA 2003).

(4) Petition for a belated appeal filed on 8/23/07 regarding the denial of his rule 3.850 motion for postconviction relief on 8/22/06, which was granted by this Court. On 7/15/09, this Court affirmed the denial of the defendant's rule 3.850 motion for postconviction relief.  Campbell v. State, 72 So. 3d 758 (Fla. 3d DCA 2009) (table).

(5) Federal habeas petition filed on 3/19/10, and denied on 11/30/2010. Campbell v. McNeil, 2010 WL 4942977 (S.D. Fla. 2010) (unpublished).

(6) Appeal of the denial of the defendant's federal habeas corpus petition filed on 12/20/10, and subsequently denied.

(7) Motion for a certificate of appealability filed with the Eleventh Circuit Court of Appeals on 2/9/11 and denied on 6/16/11.

(8) Motion to correct sentence filed in the trial court on 4/15/13, and denied on 5/10/13.

(9) Motion to correct sentence filed in the trial court on 7/12/13, and denied on 7/26/13.

(10) Appeal of the 7/26/13 denial of his motion to correct sentence, which was filed in this Court on 8/29/13, and affirmed on 3/19/14.

(11) The instant petition filed on 10/11/13.

when instructing the jury on manslaughter. Specifically, the trial court instructed the jury, in relevant part, as follows:

> JUSTIFIABLE HOMICIDE
> F.S. 782.02
>
> The killing of a human being is justifiable and lawful if necessarily done while resisting an attempt to murder or commit a felony upon the defendant, or to commit a felony in any dwelling house in which the defendant was at the time of the killing.
>
> EXCUSABLE HOMICIDE
> F.S. 782.03
>
> The killing of a human being is excusable, and therefore lawful, under any one of the following three circumstances:
>
> 1. When the killing is committed by accident or misfortune in doing any lawful act by lawful means with ordinary caution and without unlawful intent, or
>
> 2. When the killing occurs by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation, or
>
> 3. When the killing is committed by accident and misfortune resulting from sudden combat, if a dangerous weapon is not used and the killing is not done in a cruel or unusual manner.

Then later, when instructing the jury on manslaughter, the trial court specifically referenced the justifiable and excusable homicide instructions it had previously read to the jury: "[T]he defendant cannot be guilty of Manslaughter if the killing was either justifiable or excusable homicide as I have previously defined those terms." Thus, the jury was properly instructed, and the defendant's claim in this petition is frivolous.

3

Based on the defendant's numerous, successive, and meritless postconviction filings, on March 19, 2014, this Court ordered the defendant to show cause why he should not be prohibited from filing further pro se pleadings in this Court concerning his conviction and sentence in case number 00-26687. After carefully considering the defendant's response to this Court's show cause order, see State v. Spencer, 751 So. 2d 47, 48 (Fla. 1999) (explaining that courts should give pro se litigants notice and an opportunity to respond before preventing them from making further filings), we have decided to give the defendant the benefit of the doubt, and thus, we discharge the show cause order. We do so, however, with a strong reminder to the defendant that there comes a point in postconviction proceedings where "enough is enough." Isley v. State, 652 So. 2d 409, 410 (Fla. 5th DCA 1995).

Although we recognize the defendant's right to challenge the lawfulness of his conviction(s) and sentence, see Hepburn v. State, 934 So. 2d 515, 517 (Fla. 3d DCA 2005); Johnson v. State, 915 So. 2d 682, 684 (Fla. 3d DCA 2005), there is no constitutional right to file a frivolous lawsuit. See Hepburn, 934 So. 2d at 517-18; see also Lewis v. Casey, 518 U.S. 343, 353 (1996) ("Depriving someone of a frivolous claim . . . deprives him of nothing at all, except perhaps punishment of . . . sanctions.").

Petition denied; order to show cause discharged.