# Third District Court of Appeal

## State of Florida

Opinion filed July 13, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2163
Lower Tribunal No. 95-39170
_____


**James E. Davis,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Teresa Mary Pooler, Judge.

James E. Davis, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.


Before SUAREZ, C.J., and SHEPHERD and SALTER, JJ.

ON ORDER TO SHOW CAUSE

SHEPHERD, J.

James E. Davis, Defendant, was charged with Carrying a Concealed Firearm (Count 1), Possession of a Firearm by a Convicted Felon (Count 2), and Resisting an Officer with Violence (Count 3). Count 2 was severed from the other two counts. In November 1996, Davis was convicted by a jury on Count 2. Subsequently, in December 1996, Davis entered a plea on Count 1 and Count 3. Davis' conviction and sentence was affirmed on appeal. Davis v. State, 705 So. 2d 15 (Fla. 3d DCA 1998).

Since 1996, Davis has filed twelve post-conviction petitions or appeals with this Court.[1] Davis' latest appeal stems from the trial court's denial of a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, based on newly discovered evidence, manifest injustice, and inefficient assistance of counsel, which was per curiam affirmed by this Court on March 30, 2016. Davis has filed similar motions in the past, including a petition for writ of habeas corpus

---

[1]Case Numbers: Davis v. State, No. 3D96-3015 (Fla. 3d DCA Nov. 1, 1996); Davis v. State, No. 3D97-231 (Fla. 3d DCA Nov. 24, 1997); Davis v. State, No. 3D02-1921 (Fla. 3d DCA June 15, 2002); Davis v. State, No. 3D04-53 (Fla. 3d DCA June 7, 2004); Davis v. State, No. 3D04-299 (Fla. 3d DCA Feb. 4, 2004); Davis v. State, No. 3D05-1302 (Fla. 3d DCA June 1, 2005); Davis v. State, No. 3D06-2616 (Fla. 3d DCA Oct. 23, 2006); Davis v. State, No. 3D07-464 (Fla. 3d DCA Feb. 26, 2007); Davis v. State, No. 3D09-703 (Fla. 3d DCA Mar. 18, 2009); Davis v. State, 95 So. 3d 396 (Fla. 3d DCA 2012); Davis v. State, No. 3D14-719 (Fla. 3d DCA Apr. 2, 2014).

under Florida Rule of Appellate Procedure 9.141(d), for ineffective assistance of counsel, which was denied; and successive motions under Florida Rule of Criminal Procedure 3.850 for post-conviction relief. See Davis v. State, No. 3D14-719 (Fla. 3d DCA Apr. 2, 2014).

On March 30, 2016, this Court issued an order to show cause why Davis should not be prohibited from filing with this Court any further pro se appeals, petitions, motions, or other proceedings related to his convictions and sentences in circuit court case number 95-39170. Davis filed a response to the show cause order on May 2, 2016. We have carefully considered Davis' response to the show cause order, and conclude that good cause has not been shown and his response provides no new information or argument for our consideration.

We recognize that incarcerated persons should have an opportunity to contest the lawfulness of their incarcerations. Hepburn v. State, 934 So. 2d 515 (Fla. 3d DCA 2005). Nevertheless, we also recognize that there are instances in which post-conviction litigants "abuse the right to pro se access by filing repetitious and frivolous pleadings," wasting limited resources which might be expended on the consideration of "legitimate claims." State v. Spencer, 751 So. 2d 47, 48 (Fla. 1999). Thus, a court may sanction a party to preclude litigants from filing any further motions, petitions or frivolous pleadings. Id.

Upon consideration of Davis' twelve post-conviction petitions or appeals filed with this court, and his recent response to our order to show cause, it is clear

that Davis has abused the processes of this court with his numerous frivolous filings. The instant appeal, which again consists of meritless repetitive claims, provides yet another example. Based on his repeated attempts to abuse the judicial system with frivolous appeals or petitions, it is hereby ordered that the Clerk of the Third District Court of Appeal shall refuse to accept further pro se filings related to case number 95-39170, unless the filings have been reviewed and signed by an attorney licensed to practice law in this state. Any further unauthorized pro se filings by Davis will subject him to sanctions, including the issuance of written findings forwarded to the Florida Department of Corrections for consideration of disciplinary action. See § 944.279(1), Fla. Stat.