995 So.2d 606 (2008)
Vrain SCOTT, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D08-1407.
District Court of Appeal of Florida, Third District.
November 19, 2008.
Rehearing Denied December 12, 2008.
*607 Vrain Scott, in proper person.
Bill McCollum, Attorney General, and Douglas J. Glaid, Assistant Attorney General, for appellee.
Before SHEPHERD and SALTER, JJ., and SCHWARTZ, Senior Judge.
SHEPHERD, J.
On May 30, 2008, Appellant, Vrain Scott, filed an appeal from a trial court order denying his Florida Rule of Criminal Procedure 3.850 motion. On June 18, 2008, we ordered Scott to show cause why he should not be prohibited from filing further pro se pleadings with this Court concerning his conviction and sentence stemming from lower tribunal case number 94-38169. After carefully considering Scott's response to this Court's show cause order, see State v. Spencer, 751 So.2d 47 (Fla. 1999), and having reviewed the State's response and the record, we now prohibit Scott from filing any additional pro se appeals, pleadings, motions, or petitions relating to this conviction and sentence.

I. Facts
In case number 94-38169, Scott was charged with armed robbery. In June 1995, following a jury trial, he was found guilty as charged and sentenced as a habitual felony offender to life in prison with a fifteen-year minimum mandatory term. We affirmed his conviction and sentence on direct appeal. Scott v. State, 688 So.2d 1021 (Fla. 3d DCA 1997). After filing a petition alleging ineffective assistance of trial counsel and a motion to correct his sentence, Scott filed a motion for postconviction relief, in which he argued the robbery statute violated the Florida constitution's single-subject requirement and the trial court judgment and sentence did not conform to the jury verdict. In June 2004, Scott was adjudicated guilty of "robbery with a weapon" and resentenced to life in prison as a habitual violent offender.
This appeal is Scott's eleventh filing for postconviction relief to reach this Court, stemming from lower tribunal number *608 94-38169.[1] In the present postconviction motion, Scott raises four claims. First, he contends his conviction for robbery with a weapon denied him due process of the law because the "weapon" used during the crime was a firearm, which does not meet the statutory definition of a weapon. The trial court previously considered this argument and denied it; thus, this claim is successive. Second, Scott contends the predicate convictions for his habitual violent offender sentence do not meet statutory criteria. The record contradicts his claim. Third, Scott argues his convictions in certain lower tribunal case numbers cannot be used as predicate offenses because he was not convicted of those offenses and because his probation expired before the instant robbery offense. This argument is duplicative of his second argument and is time-barred. Finally, Scott contends he could not be sentenced as a habitual violent offender "merely because his present offense was committed within five years following his release from probation for violent felony offense." The record reflects Scott qualifies as a habitual violent offender based upon an aggravated assault conviction in lower tribunal case number 91-19120. We therefore find no merit to this postconviction motion.

II. Frivolous Appeals by Prisoners
"We recognize that incarcerated persons should and do have a full panoply of procedural vehicles with which to challenge the lawfulness of their incarcerations." Hepburn v. State, 934 So.2d 515, 517 (Fla. 3d DCA 2005); Johnson v. State, 915 So.2d 682, 684 (Fla. 3d DCA 2005). There is, however, no constitutional right to file a frivolous lawsuit. See Hepburn, 934 So.2d at 517-18; see also Lewis v. Casey, 518 U.S. 343, 353 n. 3, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) ("Depriving someone of a frivolous claim ... deprives him of nothing at all, except perhaps the punishment of ... sanctions."). As this Court stated in Lanier v. State, 983 So.2d 658, 660 (Fla. 3d DCA 2008), Hicks v. State, 974 So.2d 1116, 1118 (Fla. 3d DCA 2008), and Minor v. State, 963 So.2d 797, 799 (Fla. 3d DCA 2007), "there comes a point where enough is enough." Based upon careful review of Scott's filings in this Court, we believe he has reached that point.

III. Conclusion
For the foregoing reasons, we affirm the trial court's denial of Scott's Rule 3.850 motion. We further direct the Clerk of the Third District Court of Appeal to refuse to accept for filing in this Court any further appeals, pleadings, motions, petitions, or other papers relating to Scott's conviction and sentence in lower court case number 94-38169, unless they are filed by a Florida Bar member in good standing. Finally, we direct the Clerk to forward a certified copy of this opinion to the Department of Corrections for consideration *609 by that institution of disciplinary measures against Scott pursuant to sections 944.279(1) and 944.28(2)(a), Florida Statutes (2007). See Pettway v. McNeil, 987 So.2d 20 (Fla.2008).
NOTES
[1] See Scott v. State, No. 3D08-1437, 2008 WL 4542450 (Fla. 3d DCA Aug. 29, 2008) (table) (denying as moot petition for writ of mandamus); Scott v. State, 986 So.2d 615 (Fla. 3d DCA 2008) (table) (affirming denial of Rule 3.850 motion); Scott v. State, 963 So.2d 718 (Fla. 3d DCA 2007) (table) (affirming denial of Rule 3.850 motion); Scott v. State, 932 So.2d 206 (Fla. 3d DCA 2006) (table) (affirming denial of Florida Rule of Criminal Procedure 3.853 motion); Scott v. State, 922 So.2d 215 (Fla. 3d DCA 2005) (table) (denying petition alleging ineffective assistance of appellate counsel); Scott v. State, 911 So.2d 1249 (Fla. 3d DCA 2005) (affirming denial of Rule 3.850 motion); Scott v. State, 831 So.2d 192 (Fla. 3d DCA 2002) (table) (affirming denial of Florida Rule of Criminal Procedure 3.800 motion); Scott v. Moore, 768 So.2d 1085 (Fla. 3d DCA 2000) (table) (denying petition for writ of habeas); Scott v. State, 748 So.2d 366 (Fla. 3d DCA 2000) (affirming denial of Rule 3.850 motion).