# Third District Court of Appeal
## State of Florida

Opinion filed September 24, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1717
Lower Tribunal No. F91-19120
_____

**Vrain Scott,**
Petitioner,

vs.

**State of Florida,**
Respondent.

A Case of Original Jurisdiction – Habeas Corpus.

Vrain Scott, in proper person.

James Uthmeier, Attorney General, for respondent.

Before EMAS, MILLER and BOKOR, JJ.

PER CURIAM.

Vrain Scott argues that the constitutional prohibition against double jeopardy prevented him from being sentenced twice pertaining to circuit court

case number F91-19120. But, as explained by Scott, he was sentenced for two separate crimes occurring at different times. First, he was convicted and sentenced to six months in jail for indirect criminal contempt for failing to show at his arraignment. Later, he took a plea on the underlying charge and was sentenced to one year of probation after the completion of his six-month sentence for contempt. Since he was punished for two distinct criminal acts occurring at different times, no double jeopardy attached.

Double jeopardy prohibits more than one conviction for the same offense but has no bearing on convictions for separate offenses for more than one criminal act for which the legislature authorized separate punishments. See Valdes v. State, 3 So. 3d 1067, 1069 (Fla. 2009). Absent a clear legislative intent, where the convictions arise from the same criminal transaction, a court reviews the convictions under the test articulated in Blockburger v. United States, 284 U.S. 299 (1932), codified in section 775.021, Florida Statutes. But "[i]f it is determined that the charged offenses occurred in different criminal episodes or constituted different acts, no further analysis is necessary and the separate offenses do not violate double jeopardy." Sanders v. State, 101 So. 3d 373, 375 (Fla. 1st DCA 2012). Here, based on Scott's argument, the convictions resulted from separate offenses that occurred at different times—the original criminal charge, and the

2

contempt resulting from skipping the arraignment on that charge. The petition therefore lacks merit.

Scott has a history of frivolous appeals and petitions pertaining to multiple convictions. See, e.g., Scott v. State, 995 So. 2d 606, 608–09 (Fla. 3d DCA 2008) (cataloging failed appeals and petitions, affirming the denial of a Rule 3.850 petition, barring Scott from "further appeals, pleadings, motions, petitions, or other papers relating to Scott's conviction and sentence in lower court case number 94–38169" and directing the clerk to forward a certified copy of the opinion to the Department of Corrections to institute disciplinary measures). Accordingly, we deny the petition and direct Scott to show cause, within 30 days, why he should not be prohibited from filing further pro se pleadings with this court pertaining to circuit court case number F91-19120.

Petition denied. Order to show cause issued.