PER CURIAM.
This claim of ineffective assistance of appellate counsel is properly raised by petition for habeas corpus. State v. District Court of Appeal of Florida, First District, 569 So.2d 439 (Fla.1990). Having considered the error claimed, we deny the petition.
Defendant argues that his appellate counsel was ineffective for failing to argue that defendant did not knowingly, intelligently, and voluntarily waive his Miranda rights, and thus his confession was admitted into evidence in violation of the Fifth Amendment. We disagree. While this claim was preserved for appellate review, it is well-established that counsel need not raise every non-frivolous issue revealed by the record, see Jones v. Barnes, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). One of appellate counsel’s responsibilities is to “winnow out” weaker arguments on appeal and to focus upon those most likely to prevail. Smith v. Murry, 477 U.S. 527, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).
*207 The record demonstrates the defendant’s knowing, intelligent, and voluntary waiver of his Miranda rights. The defendant was sixteen years of age, and appeared to the trial judge “very intelligent ... [more] so than a lot of people his age,” with no language problem and according to the trial court “very articulate.” Defendant’s parent was told she could go to the homicide office if she wanted to. The youth was told he was entitled to have a lawyer present and if he could not afford one, an attorney would be provided. See W.M. v. State, 585 So.2d 979 (Fla. 4th DCA 1991), review denied, 593 So.2d 1054 (Fla.1991). Here, counsel could have reasonably concluded defendant would not prevail on the voluntariness point and therefore decided to “winnow out” this weak argument. Thus, we find unmeritorious the claim that appellate counsel was ineffective for failing to argue this issue.
As to the remaining points raised, “Habeas corpus is not a second appeal and cannot be used to litigate or re-litigate issues which could have been, should have been, or were raised on direct appeal.” Breedlove v. Singletary, 595 So.2d 8,10 (Fla.1992). Finally, petitioner had no constitutional right to counsel to pursue discretionary review by the Florida Supreme Court, thus he was not deprived of effective assistance of counsel by his counsel’s failure to appeal to .the Florida Supreme Court an additional point he had raised in his defense. Wainwright v. Torna, 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982); Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974).
Accordingly, the petition for habeas corpus relief is denied.