PER CURIAM.
The appellant, Paul D. Partridge, challenges his convictions and habitual violent felony offender sentences for sexual battery with a deadly weapon and robbery with a deadly weapon, raising the following issues: (1) whether the trial court erroneously excluded defense testimony concerning the alleged victim’s prior consensual sexual encounter with a third party; (2) whether the trial court erroneously imposed an habitual violent felony offender sentence for a life felony; and (3) whether appellant was convicted of an uncharged offense. We affirm as to the first issue without further elaboration.
The state correctly concedes error in the imposition of an habitual violent felony offender sentence for sexual battery with a deadly weapon. Because this offense was a life felony committed prior to the October 1, 1995 amendment to section 775.084, it was not subject to habitual offender treatment. See Lamont v. State, 610 So.2d 435 (Fla.1992).
We also find error on the third issue. The appellant was convicted of robbery with a deadly weapon, a first-degree felony punishable by life, though the charging document only alleged the first-degree felony of robbery with a weapon. It was patently erroneous to convict appellant of an offense that was not properly charged in the information. See Clemon v. State, 473 So.2d 271 (Fla. 3d DCA 1985). The appellant agrees that the reduction of the offense from a first-degree felony punishable by life down to a first-degree felony will not alter the habitual violent felony offender sentence he received for this crime.
Accordingly, we affirm the conviction for sexual battery with a deadly weapon, but remand for imposition of a guidelines sentence. We affirm the habitual offender sentence for the robbery offense, but remand for correction of the judgment to reflect a first-degree felony for robbery with a weapon.
MINER, ALLEN and MICKLE, JJ., concur.