768 So.2d 1128 (2000)
Paul D. PARTRIDGE, Petitioner,
v.
Michael W. MOORE, Secretary, Florida Department of Corrections, Respondent.
No. 1D00-2535.
District Court of Appeal of Florida, First District.
August 22, 2000.
Rehearing Denied October 17, 2000.
Paul D. Partridge, pro se, petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, for respondent.
PER CURIAM.
Paul D. Partridge was convicted of sexual battery with a deadly weapon and robbery with a deadly weapon. On direct appeal, this court held that habitualized sentencing for the sexual battery conviction was impermissible. It also directed that the robbery with a deadly weapon conviction be reduced to robbery with a weapon because that was the crime which was charged. The judgments and sentences were otherwise affirmed. Partridge v. State, 680 So.2d 543 (Fla. 1st DCA 1996).
In the instant petition, Partridge complains of ineffective assistance of appellate counsel. According to petitioner, his Public Defender gave him bad advice when he told Partridge in a letter written after the opinion issued that there was nothing else to be done. Recognizing that his petition falls outside the two-year limit imposed by Florida Rule of Appellate Procedure 9.140(j)(3)(B), Partridge argues the late filing *1129 should be excused because of counsel's mistake.
Rule 9.140(j)(3)(B) permits a petition of this nature to be considered more than two years after the conviction becomes final if the petition "alleges under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the appeal by counsel." Here, petitioner makes no allegation that his appellate counsel misinformed him about the results of the direct appeal. Accordingly, we find that it is time-barred and should be denied as such. Moreover, even if we were to address the merits, the petition fails to state how petitioner was prejudiced by counsel's alleged substandard performance. Petitioner does not describe how the results of the proceeding would have differed had counsel moved this court for rehearing and/or sought further review in the Supreme Court of Florida. The petition is therefore facially insufficient. See Knight v. State, 394 So.2d 997, 1001 (Fla.1981); see also Nerey v. State, 634 So.2d 206 (Fla. 3d DCA 1994) (rejecting theory that appellate counsel was ineffective for failing to pursue discretionary review in the Supreme Court of Florida).
PETITION DENIED.
KAHN, WEBSTER and VAN NORTWICK, JJ., concur.