781 So.2d 1136 (2001)
Bernard NAVA, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D00-4281.
District Court of Appeal of Florida, Fourth District.
February 28, 2001.
Rehearing Denied April 19, 2001.
Bernard Nava, Blountstown, pro se.
No response required for respondent.
PER CURIAM.
Petitioner, Bernard Nava, has filed a petition for writ of habeas corpus, alleging ineffective assistance of his appellate counsel in connection with his direct appeal (Closed Case No. 97-860). Whereas the mandate issued in his direct appeal on February 6, 1998, and Nava's petition is dated November 27, 2000, we find that the petition is untimely on its face.
Florida Rule of Appellate Procedure 9.140(j)(3)(B)[1] provides:
A petition alleging ineffective assistance of appellate counsel shall not be filed more than two years after the conviction becomes final on direct review unless it alleges under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the appeal by counsel.
Here, petitioner alleges that his attorney failed to inform him of this court's decision, which resulted in him not learning of the affirmance until April 22, 1999, when this court responded to his inquiry. Petitioner does not, however, allege that his attorney "affirmatively misled" him about the affirmance so as to qualify for an exception to the two-year rule. We, therefore, find the petition to be untimely, and dismiss it as such.
STONE, STEVENSON and SHAHOOD, JJ., concur.
NOTES
[1] Effective January 1, 2001, this language now appears as rule 9.141(c)(4)(B).