789 So.2d 1154 (2001)
Derrick ALLEN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-1975.
District Court of Appeal of Florida, Third District.
July 5, 2001.
Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Fredericka Sands, Assistant Attorney General, for appellee.
*1155 Before COPE, LEVY and RAMIREZ, JJ.
COPE, J.
The question presented by this case is whether a physical description of the perpetrator of a crime constitutes a statement "of identification of a person made after perceiving the person" within the meaning of paragraph 90.801(2)(c), Florida Statutes (1999). We conclude that the answer is yes and affirm the judgment.

I.
Defendant-appellant Allen was convicted of armed kidnapping, armed robbery, and armed car jacking. The defendant and a codefendant were charged with entering a van occupied by Anthony Pratt and his children. They ordered Mr. Pratt to turn over his wallet. They then let the family exit the car and fled in the van.
At trial, the detective who investigated the case was asked whether Mr. Pratt had given a physical description of the two perpetrators. The trial court overruled the defense hearsay objection and the detective recounted Mr. Pratt's description of the physical appearance of the two perpetrators.[1] Mr. Pratt also testified at trial.
Under the Evidence Code, "A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is ... (c) One of identification of a person made after perceiving the person." § 90.801(2)(c), Fla. Stat. (1999). We agree with the Fourth District that a physical description of the perpetrator of a crime qualifies as a statement of identification of a person made after perceiving the person. Puryear v. State, 774 So.2d 846 (Fla. 4th DCA 2000) (en banc). We follow Puryear and certify the same question of great public importance:
HAS SWAFFORD V. STATE, 533 So.2d 270 (Fla.1988) BEEN OVERRULED BY POWER V. STATE, 605 So.2d 856 (Fla.1992)?
774 So.2d at 853.

II.
We hold alternatively that if there was any error in the admission of the above evidence, the error was entirely harmless. Mr. Pratt testified at trial and made an in-court identification of the defendant. Further, the defendant was arrested while driving the stolen van, and confessed to the crime. Any error was harmless beyond reasonable doubt. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).[2]
Affirmed.
NOTES
[1] The detective testified:

THE WITNESS: [He] advised that there was one, two subjects, two Black male subjects.
One of them was about five foot eight, one hundred fifty to one hundred sixty pounds. He was a dark skin Black male. He had like Dred like hair, like braids, something on his head.
The second subject, about six feet two, one hundred sixty, one hundred seventy pounds, light skin Black male.
[2] While we agree with the Fourth District that the evidentiary question should be authoritatively resolved by the Florida Supreme Court, it is debatable whether the present case is an appropriate one in which to grant discretionary review, given that the resolution of the evidentiary issue will not affect the ultimate result in this particular case.