917 So.2d 906 (2005)
Derrick ALLEN, Petitioner,
v.
The STATE of Florida, Respondent.
No. 3D05-182.
District Court of Appeal of Florida, Third District.
November 30, 2005.
Rehearing Denied January 13, 2006.
Derrick Allen, in proper person.
Charles J. Crist, Jr., Attorney General, and Douglas J. Glaid, Assistant Attorney General, for respondent.
Before SHEPHERD, CORTIÑAS, and ROTHENBERG, JJ.
*907 ROTHENBERG, Judge.
The petitioner, Derrick Allen, is before this court based upon the filing of his second Petition for Writ of Habeas Corpus filed on January 24, 2005, Motion to Amend or Supplement Petition for Writ of Habeas Corpus filed on February 7, 2005, second Motion to Amend or Supplement Petition for Writ of Habeas Corpus filed on March 28 2005, Renew [sic] Petition for Writ of Habeas Corpus filed on August 8, 2005, third Motion to Amend or Supplement "Renewed" Petition for Writ of Habeas Corpus filed on September 19, 2005, and fourth Motion to Amend or Supplement Renewed Petition for Writ of Habeas Corpus filed on October 3, 2005. After considering the petition and all of the amendments, including the October 3, 2005 amendment, we deny the petition.
The petitioner's convictions and sentences, imposed after a jury finding of guilt, for five counts of armed kidnapping, one count of armed robbery, and one count of armed carjacking, were affirmed by this court on July 5, 2001. See Allen v. State, 789 So.2d 1154 (Fla. 3d DCA 2001), review denied, 828 So.2d 384 (Fla.2002).
On May 9, 2002, the petitioner filed a petition for writ of habeas corpus alleging two instances of appellate counsel's ineffectiveness, which this court denied on October 15, 2002. Allen v. Moore, 831 So.2d 185 (Fla. 3d DCA 2002)(table).
On January 24, 2005, the instant petition was filed. The instant petition and the amendments which followed allege various claims of ineffective assistance of counsel.
As we conclude that the issues raised are either time barred, see Fla. R.App. P. 9.141(c)(4)(B); Partridge v. Moore, 768 So.2d 1128 (Fla. 1st DCA 2000), review denied, 789 So.2d 347 (Fla.2001); MacArthur v. Moore, 756 So.2d 232, 233 (Fla. 3d DCA 2000); and/or procedurally barred as successive; and/or have been previously raised and are therefore barred by the doctrines of the law of the case and res judicata, we deny the petition for writ of habeas corpus. See King v. State, 808 So.2d 1237 (Fla.2002)(quoting Johnson v. Singletary, 647 So.2d 106, 109 (Fla.1994))("Successive habeas corpus petitions seeking the same relief are not permitted nor can new claims be raised in a second petition when the circumstances upon which they are based were known or should have been known at the time the prior petition was filed."); Isom v. State, 800 So.2d 292, 294 (Fla. 3d DCA 2001)(citing State v. Stabile, 443 So.2d 398, 400 (Fla. 4th DCA 1984))(law of the case precludes relitigation of all issues necessarily ruled upon by the court); Perez v. State, 767 So.2d 609 (Fla. 3d DCA 2000).
Petition denied.