SHEPHERD, J.
 

 On February 1, 2008, Derrick Allen filed a Petition for Writ of Mandamus with this
 
 *153
 
 Court. On March 5, 2008, we ordered Allen to show cause why he should not be prohibited from filing further pro se pleadings with this Court concerning his May 2000 convictions and sentences, stemming from lower tribunal case number 98-28508. After carefully considering Allen’s response to this Court’s show cause order, see
 
 State v. Spencer,
 
 751 So.2d 47 (Fla.1999), and having reviewed the State’s response and the record, we now prohibit Allen from filing any additional pro se appeals, pleadings, motions, or petitions relating to these convictions and sentences. Additionally, we dismiss Case No. 3D08-1111 as duplicative of Case No. 3D08-2337.
 

 I. Facts
 

 Allen originally was charged with five counts of kidnapping with a weapon, one count of armed robbery, one count of armed carjacking, and one count of resisting an officer without violence. After a jury trial, Allen was adjudicated guilty of four counts of kidnapping a child under the age of thirteen with a firearm, one count of kidnapping with a firearm, one count of armed robbery, and one count of armed carjacking. In May 2000, Allen was sentenced to life in prison for the four kidnapping counts, and concurrent terms of forty-two years’ imprisonment on the other counts. We affirmed the conviction on direct appeal.
 
 Allen v. State,
 
 789 So.2d 1154 (Fla. 3d DCA 2001).
 

 This Petition for Writ of Mandamus is Allen’s twentieth petition or motion for postconviction relief to reach this Court stemming from lower tribunal number 98-28508.
 
 [1]
 
 In the present petition, Allen contends that the “lower court is being abusive and corrupt by ... refusing to transmit the order ruling on his Motions to him.” In his response to this Court’s show cause order, Allen contends the trial court never gave “full consideration” to his motions because they were summarily denied. He also raises claims of ineffective assistance of trial and appellate counsel. As to these contentions, a review of the extensive filings in this case reveals these claims either were raised previously on appeal and denied, or were raised in Allen’s prior postconviction motions and ruled upon. Finally, Allen argues he has pending in the trial court: (1) an amended supplement to a writ of habeas corpus; (2) an amended
 
 *154
 
 supplement to habeas petition filed between April and September 2007; (3) a petition for writ of reconsideration of a Florida Rule of Criminal Procedure 3.850 motion; and (4) a motion to disqualify, all of which have not been ruled upon.
 
 [2]
 
 The State counters there might be one outstanding habeas corpus petition pending in the trial court. We do not need to resolve these contentions. For at least the last four years, Allen has no doubt been filing postconviction motions faster than the trial court can conscientiously rule upon them. Petitioner may not by such actions delay or deter us from performing our duty to preserve and protect our own jurisdiction and resources from abuse, a duty to which we now turn.
 

 II. Frivolous Appeals by Prisoners
 

 “We recognize that incarcerated persons should and do have a full panoply of procedural vehicles with which to challenge the lawfulness of their incarcerations.”
 
 Hepburn v. State,
 
 934 So.2d 515, 517 (Fla. 3d DCA 2005);
 
 Johnson v. State,
 
 915 So.2d 682, 684 (Fla. 3d DCA 2005). There is, however, no constitutional right to file a frivolous lawsuit.
 
 See Hepburn,
 
 934 So.2d at 517-18;
 
 see also Lewis v. Casey,
 
 518 U.S. 343, 353 n. 3, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (“Depriving someone of a frivolous claim ... deprives him of nothing at all, except perhaps the punishment of ... sanctions.”). As this Court stated in
 
 Lanier v. State,
 
 983 So.2d 658, 660 (Fla. 3d DCA 2008),
 
 Hicks v. State,
 
 974 So.2d 1116, 1118 (Fla. 3d DCA 2008), and
 
 Minor v. State,
 
 963 So.2d 797, 799 (Fla. 3d DCA 2007), “there comes a point where enough is enough.” Based upon careful review of Allen’s filings in this Court, we believe he has reached that point.
 

 III. Conclusion
 

 For the foregoing reasons, we deny Allen’s Petition for Writ of Mandamus. We further direct the Clerk of the Third District Court of Appeal to refuse to accept for filing in this Court any further appeals, pleadings, motions, petitions, or other papers relating to Allen’s conviction and sentence in lower court case number 98-28508, unless they are filed by a Florida Bar member in good standing. Finally, we direct the Clerk to forward a certified copy of this opinion to the Department of Corrections for consideration by that institution of disciplinary measures against Allen pursuant to sections. 944.279(1) and 944.28(2)(a), Florida Statutes (2009).
 
 See Pettway v. McNeil,
 
 987 So.2d 20 (Fla.2008).
 

 So ordered.
 

 [1]
 

 .
 
 Allen
 
 v.
 
 State,
 
 Case No. 3D08-2337 (Fla. R.Crim. P. 3.800 motion);
 
 Allen v. State,
 
 Case No. 3D08-1111 (Fla. R.Crim. P. 3.800 motion);
 
 Allen v. State,
 
 Case No. 3D08-1110 (Petition for Writ of Habeas Corpus);
 
 Allen v. State,
 
 Case No. 3D08-1003 (Fla. R.Crim. P. 3.850 motion);
 
 Allen v. State,
 
 Case No. 3D08-355 (Petition for Writ of Mandamus);
 
 Allen v. State, 965
 
 So.2d 136 (Fla. 3d DCA 2007) (table) (denying Petition for Writ of Mandamus);
 
 Allen v. State,
 
 959 So.2d 266 (Fla. 3d DCA 2007) (table) (denying Petition for Writ of Mandamus);
 
 Allen v. State,
 
 958 So.2d 935 (Fla. 3d DCA 2007) (table) (affirming denial of Fla. R.Crim. P. 3.850 motion);
 
 Allen v. State,
 
 955 So.2d 578 (Fla. 3d DCA 2007) (table) (affirming denial of Fla. R.Crim. P. 3.800 motion);
 
 Allen v. State,
 
 947 So.2d 1175 (Fla. 3d DCA 2007) (table) (affirming denial of Fla. R.Crim. P. 3.850 motion);
 
 Allen v. State,
 
 910 So.2d 271 (Fla. 3d DCA 2005) (table) (denying Petilion for Writ of Prohibition);
 
 Allen v. State,
 
 931 So.2d 916 (Fla. 3d DCA 2006) (table) (consolidating Case Nos. 3D05-1633 and 3D05-1818 and affirming denial of Fla. R.Crim. P. 3.850 motion);
 
 Allen v. State,
 
 910 So.2d 271 (Fla. 3d DCA 2005) (table) (denying Petition for Writ of Prohibition);
 
 Allen v. State,
 
 912 So.2d 1234 (Fla. 3d DCA 2005) (table) (recognizing voluntary dismissal of Fla. R.Crim. P. 3.850 motion);
 
 Allen v. State,
 
 895 So.2d 423 (Fla. 3d DCA 2005) (table) (denying Petition for Writ of Prohibition);
 
 Allen v. State,
 
 917 So.2d 906 (Fla. 3d DCA 2005) (denying as time barred and/or successive Allen's Petition for Writ of Habeas Corpus);
 
 Allen v. State,
 
 879 So.2d 631 (Fla. 3d DCA 2004) (table) (affirming denial of Fla. R.Crim. P. 3.850 motion);
 
 Allen v. Moore,
 
 831 So.2d 185 (Fla. 3d DCA 2002) (table) (denying Petition for Writ of Habeas Corpus).
 

 [2]
 

 . As to Allen’s contention that the lower court has refused to transmit orders to him on motions which he has filed, he provides no specifics. We are confident the trial court does so as a matter of practice and that if an order inadvertently has been not sent by the court or received by Allen, the trial court will upon proper inquiry tend to the matter.