On Motion for Rehearing
 

 WARNER, J.
 

 We deny petitioner’s motion for rehearing but withdraw our previously issued opinion and substitute the following in its place.
 

 Petitioner seeks habeas corpus relief alleging ineffective assistance of appellate counsel for failing to rely on a complete and accurate transcript of all of the proceedings of petitioner’s first degree murder trial, as well as for failing to raise certain issues in direct appeal. We deny the petition.
 

 To support his claim, petitioner points to several places where the trial transcripts of statements petitioner made to police included “inaudible” responses. Comparing the trial transcript to other transcripts created of the taped statements, he claims that because the trial transcript inaccurately recorded the taped statements, it misled appellate counsel in the selection of issues to raise on appeal. However, he has failed to show what meritorious issues were not raised as a result of the inaccurate transcript, which would have undermined confidence in the outcome of the proceedings. “If a legal issue ‘would in all probability have been found to be without merit’ had counsel raised the issue on direct appeal, the failure of appellate counsel to raise the meritless issue will not render appellate counsel’s performance ineffective.”
 
 See Rutherford v. Moore,
 
 774 So.2d 687, 643 (Fla.2000) (quoting
 
 Williamson v. Dugger,
 
 651 So.2d 84, 86 (Fla.1994)). The failure to transcribe the hearing on the motion for judgment of acquittal does not constitute ineffective assistance for the same reason. Petitioner has not shown that had the denial of the motion been raised in direct appeal, it would have undermined the correctness of the result, as there was competent substantial evidence to support the state’s case.
 
 See Pagan v. State,
 
 830 So.2d 792, 803 (Fla.2002).
 

 Finally, petitioner maintains that appellate counsel should have raised the exclusion of defense evidence in the direct appeal. The trial court excluded the results of a test performed by an expert to show that a tire iron placed into evidence by the state could not be the murder weapon. The expert had conducted the test a day before being called to testify at petitioner’s trial. The court excluded the evidence as a discovery violation. Defense counsel did not suggest or argue to the trial court for a less drastic remedy other than exclusion, nor did he suggest a way to cure the obvious prejudice to the state. Although it would have been the trial court’s obligation to examine for itself any less drastic alternatives where excluding defense evidence,
 
 see McDuffie v. State,
 
 970 So.2d 312 (Fla.2007), we think a consideration of whether there were any less drastic remedies is relevant in assessing appellate counsel’s ineffectiveness in failing to raise this issue.
 

 Regardless, despite the exclusion of this test result, the expert was otherwise permitted to give detailed testimony as to her opinion that the tire iron could not be the murder weapon, an opinion she had formed prior to conducting the test. Therefore, the evidence of the test was merely cumulative to her in-court testimony. We do not reach the question of whether the trial court erred in excluding the test results. Appellate counsel could
 
 *966
 
 rightfully have declined to raise this issue, because any error would have been harmless beyond a reasonable doubt.
 
 See, e.g., Wallace v. State,
 
 766 So.2d 364, 372 (Fla. 3d DCA 2000) (finding error harmless because the excluded testimony was cumulative of other evidence presented to the jury);
 
 Billeaud v. State,
 
 578 So.2d 343, 344-45 (Fla. 1st DCA 1991) (error in excluding testimony tending to show that killing was a crime of passion was harmless beyond a reasonable doubt where the evidence was largely cumulative). A discovery violation can be harmless beyond a reasonable doubt where the defendant is not prejudiced in his preparations for trial or trial strategy.
 
 See Scipio v. State,
 
 928 So.2d 1138, 1149-50 (Fla.2006). Here, appellate counsel could have reasonably concluded that the defense strategy of proving that the tire iron was not the murder weapon remained the same with or without the expert being allowed to testify about the undisclosed test.
 

 We reject all other claims made.
 

 Petition denied.
 

 GROSS, C.J., and TAYLOR, J., concur.