PER CURIAM.
This appeal is from what is at least the twenty-first unsuccessful attempt at relief from the defendant’s 2000 criminal conviction. Notwithstanding that the petition was filed below by a member of the Florida Bar, Andrew F. Rier, thus obviating the prohibition of further pro se post-conviction filings we ordered in Allen v. State, 16 *461 So.3d 152 (Fla. Bd DCA 2009), the present action is just as meritless and, under the circumstances, even more oppressive[1] than the previous ones.
Affirmed.

. Among other things, the petition stated:
Th[e] cornerstone requirement which ensures that Rule 3.850 claims are not summarily denied out of judicial convenience was never complied with here and due to Mr. Allen's inability to retain private counsel he had no advocate at the time to ensure his rights were protected and his claims properly adjudicated on the merits. However, that time has now come and it is finally time to rectify the injustice that has prevailed for far too long in this case. Mr. Allen would respectfully request an eviden-tiary hearing in which to properly address and adjudicate each and every cognizable claim that he timely filed in his Rule 3.850 motion, which he would argue remains pending because it was never addressed to any satisfactory level of legal compliance with the basic tenants [sic] of Rule 3.850. (Appellant’s Mot. to Vacate J. & Sent. 11) (emphasis added).
Rule of Professional Conduct 4-8.2(a) provides:
A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, mediator, arbitrator, adjudicatory officer, public legal officer, juror or member of the venire, or candidate for election or appointment to judicial or legal office.