PER CURIAM.
Petitioner, Perry Joseph, seeks a writ of habeas corpus based on alleged ineffective assistance of appellate counsel in Joseph v. State, 41 So.3d 307 (Fla. 4th DCA 2010). In Joseph, appellate counsel raised four grounds for reversal of petitioner’s convictions for second degree murder and attempted robbery with a firearm, including a challenge to two comments by the prosecutor during closing argument which petitioner claimed violated his right to a constitutionally-fair trial by shifting the burden of proof from the state to petitioner. In this petition, petitioner claims appellate counsel should have raised additional grounds for finding the prosecutor’s closing argument cumulatively improper. Petitioner also contends that appellate counsel should have challenged on appeal the admission into evidence of a portion of one of his police statements which referenced him having committed previous armed robberies with the charged co-defendants (“every time they want to go do some [robberies] they come get me because I am a good driver, I am going to get away from the cops”).
A writ of habeas corpus is appropriately issued when appellate counsel has performed deficiently so as to compromise the appellate process, undermining confidence in the reliability of the outcome. Buzia v. State, 82 So.3d 784, 792 (Fla.2012). However, failure to raise a non-meritorious issue(s) on appeal does not constitute appellate ineffectiveness. Barwick v. State, 88 So.3d 85, 108 (Fla.2011). Nor must counsel raise every issue with potential merit, as part of “appellate counsel’s responsibilities is to ‘winnow out’ weaker arguments on appeal [so as] to focus upon those most likely to prevail.” Nerey v. State, 634 So.2d 206, 206 (Fla. 3d DCA 1994) (citation omitted); see also Valentine v. State, 98 So.3d 44, 57 (Fla.2012).
In Barwick, the Florida Supreme Court noted that, in Rimmer v. State, 59 So.3d 763, 786 (Fla.2010), it had previously addressed “the applicable standard” for reviewing claims of ineffective assistance of direct appeal counsel, setting forth the following:
Appellate counsel’s ineffectiveness is properly raised in a petition for writ of habeas corpus. See Freeman v. State, 761 So.2d 1055, 1069 (Fla.2000). In order to grant habeas relief on the basis of ineffectiveness of appellate counsel, this Court must determine whether the alleged omissions are of such magnitude as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance and, second, whether the deficiency in performance compromised the appellate process to such a degree as to undermine confidence in the correctness of the result.
Barwick, 88 So.3d at 106-07. “The defendant has the burden of alleging a specific, serious omission or overt act upon which *1022 the claim of ineffective assistance of counsel can be based.” Freeman v. State, 761 So.2d 1055, 1069 (Fla.2000). Here, we have examined the challenges. petitioner alleges should have been made by his appellate counsel on direct appeal with respect to various comments made by the prosecutor during closing argument, but find “the alleged omissions are [not] of such magnitude as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance.” Rimmer, 59 So.3d at 786.
Likewise, petitioner’s complaint that appellate counsel’s failure to seek appellate review of the admission of that portion of his police statement which referenced prior robberies constitutes ineffective assistance of counsel is unavailing, as the evidence was admissible to show petitioner’s knowledge of the robbery plan among his co-defendants out of which these charges arose. See, e.g., Johnson v. State, 112 So.3d 564 (Fla. 4th DCA 2013). Thus, we find appellate counsel was not ineffective in foregoing a meritless claim on petitioner’s direct appeal. Lamb v. McNeil, 41 So.3d 964, 965 (Fla. 4th DCA 2010).
Accordingly, the petition for writ of ha-beas corpus is denied.
STEVENSON, MAY and FORST, JJ„ concur.