[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12870
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cv-02680-VMC-SPF

JOE EDWIN ROGERS, JR.,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 1, 2020)

Before WILSON, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Joe Rogers, Jr., a Florida prisoner serving a 75-year total sentence for his convictions on 125 counts of possession of child pornography, appeals the denial of his 28 U.S.C. § 2254 petition. We granted Rogers a certificate of appealability ("COA") as to whether the district court erred in determining that Rogers's ineffective-assistance-of-appellate-counsel claim, based on his counsel's failure to challenge the jury's alleged non-unanimous verdict on direct appeal, was procedurally defaulted and barred from federal habeas review. Rogers argues that the district court was speculating when it determined that the Florida Fifth District Court of Appeal's ("DCA") unexplained dismissal of his Fla. R. App. P. 9.141 petition, which contained the claim in question, was based on the untimeliness of the petition under Florida law. He maintains that he is entitled to a presumption that the state court rejected his petition on the merits, which would mean that his claim was not procedurally defaulted and is subject to federal habeas review. After review, we affirm.

## I.    Background

In 2009, the State of Florida charged Rogers by Information with 125 counts of possession of child pornography in violation of Fla. Stat. § 827.071(5). None of the counts specified the particular image on which they were based. At his jury trial, among other evidence, the State presented a CD that contained approximately 178 images of alleged child pornography. At the close of the case, the jury was

2

provided with 125 separate verdict forms—one for each count—and instructed that

"[o]nly one verdict may be returned as to each crime charged.  This verdict must

be unanimous, that is all of you must agree to the same verdict. . . .  The verdict

finding the defendant either guilty or not guilty must be unanimous.  The verdict

must be the verdict of each juror as well as the jury as a whole."  Neither the jury

instructions nor the verdict forms indicated which file or image represented which

count.  The jury found Rogers guilty as charged on all 125 counts and he was

sentenced to a total of 75 years' imprisonment.  Rogers appealed, challenging the

sufficiency of the evidence, an evidentiary ruling, and the constitutionality of his

sentence, and the Fifth DCA affirmed.  *See Rogers v. State*, 96 So. 3d 922 (Fla. 5th

Dist. Ct. App. 2012).

Rogers timely, but unsuccessfully, pursued state postconviction relief,

pursuant to Fla. R. Crim. P. 3.850, on grounds unrelated to this appeal.  *See Rogers

v. State*, 229 So. 3d 357 (Fla. 5th Dist. Ct. App. 2016); *Rogers v. State*, 162 So. 3d

334 (Fla. 5th Dist. Ct. App. 2014) (mem.).  Meanwhile, on June 15, 2016, Rogers

filed a state habeas petition in the Fifth DCA, pursuant to Fla. R. App. P. 9.141(d),[1]

alleging that his appellate counsel was ineffective for failing to argue on appeal

---

[1] Florida Rule of Appellate Procedure 9.141(d) governs petitions alleging ineffective assistance of appellate counsel and provides that such petitions "shall not be filed more than 2 years after the judgment and sentence become final on direct review unless it alleges under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the appeal by counsel."  Fla. R. App. P. 9.141(d)(5).  Such petitions are filed directly with the DCA that entertained the direct appeal, not the trial court.  *Id.* 9.141(d)(3).

3

that it was impossible to determine if the jury returned a unanimous verdict where the State presented 178 images in support of the 125 counts. Rogers asserted that the petition was timely because it was filed within four years of his judgment and sentence becoming final and his retained appellate counsel affirmatively misled him with regard to "the expected results of the appeal." Less than two weeks later, on June 27, 2016, without requiring any response from the State, the Fifth DCA issued an order stating that "the Petition for Ineffective Assistance of Counsel, filed June 15, 2016, is dismissed." Thereafter, Rogers filed a motion for rehearing, or, in the alternative, a request for written opinion. Rogers asserted that the Fifth DCA may have considered his petition untimely under Rule 9.141(d)(5)'s generally applicable two-year limitations period and reiterated that the petition was timely under the four-year exception because he had alleged that his appellate counsel affirmatively misled him about the results of the direct appeal. Alternatively, he requested that the Fifth DCA issue a written opinion explaining the basis for dismissal if the petition was not dismissed based on timeliness. The Fifth DCA denied the motion for rehearing without explanation.

Subsequently, in 2017, Rogers filed the underlying 28 U.S.C. § 2254 federal habeas petition, asserting among other claims, that his appellate counsel was ineffective for failing to raise the issue of a non-unanimous verdict on direct appeal. In response, the State argued that Rogers failed to exhaust this claim in

4

state court, and he was procedurally barred from doing so now.  In reply, Rogers argued that he exhausted the claim when he filed his Rule 9.141 petition, which was dismissed, and that even if the claim was not exhausted, he could establish cause and prejudice to overcome any default.  The district court ultimately agreed with Rogers that he had exhausted the claim by presenting it in his state habeas petition, and directed the State to respond as to whether the claim was otherwise procedurally defaulted and barred from federal habeas review.  The district court noted that the Fifth DCA's order dismissing Rogers's petition indicated that the dismissal may have been based on a procedural rule and that if the claim was dismissed based on an independent and adequate state ground then it would be barred from federal habeas review.  The district court also directed the State to respond to the merits of the underlying claim.

In its supplemental response, the State asserted that Rogers's Rule 9.141(d) habeas petition was untimely, that the petition did not meet the requirements of the four-year filing exception based on the petitioner being affirmatively misled as to the results of the direct appeal (not the "expected results" as Rogers claimed), and that the Fifth DCA's dismissal of the petition was an adequate and independent procedural ruling grounded in state law that barred federal habeas review.  In support of this contention, the State pointed out that the Fifth DCA expressly noted the filing date of the petition in the order and dismissed rather than denied the

5

petition.  The State maintained that those factors were evidence that the Fifth DCA rejected Rogers's argument that he was entitled to the four-year exception to the two-year statute of limitations.  The State also noted that Rogers subsequently filed a motion for rehearing requesting the Fifth DCA to reconsider the timeliness of his petition, which was denied.

Upon review, the district court denied Rogers's § 2254 petition.  As to his ineffective-assistance-of-appellate-counsel claim, the district court noted that a state court's summary adjudication is presumed generally to be an adjudication on the merits and entitled to deference, but that this presumption may be overcome if there is a reason to believe that another explanation for the state court's decision was more likely.  The district court then concluded the adjudication on the merits presumption was overcome in Rogers's case and that it was more likely that the Fifth DCA deemed Rogers's habeas petition as untimely under Florida law based on the following factors: (1) Florida law required that habeas petitions be filed within two years of the judgment and sentence becoming final and Rogers filed his petition outside that two-year window; (2) Rogers did not qualify for the four-year exception to the statute of limitations based on appellate counsel having misled him as to "the expected results" of his appeal; (3) the petition was dismissed, not denied, and Florida jurisprudence indicated that a dismissal demonstrates that the court did not reach the merits of the petition; (4) the dismissal order referenced the

6

filing date of the petition, signaling that the date was important to the decision; (5) the petition was dismissed less than two weeks after it was filed without the Fifth DCA requesting a response from the State—another indicator that the Fifth DCA did not reach the merits of the petition; and (6) Rogers filed a motion for rehearing requesting the Fifth DCA reconsider the timeliness of his petition, which was denied.  Accordingly, the district court concluded that Rogers's claim was resolved based on an independent and adequate state law ground—it was untimely under Rule 9.141(d)(5)—which resulted in the procedural default of the claim and precluded federal habeas review.  And because Rogers failed to establish either (1) cause and prejudice to overcome the default or (2) the miscarriage of justice exception, the claim was barred from federal habeas review.  After the district court denied Rogers a COA, he sought a COA from this Court and we granted one on the issue set forth above.  This appeal followed.

## II.     Standards of Review

We review the district court's denial of a § 2254 petition *de novo*, and its "findings of fact for clear error."  *Pruitt v. Jones*, 348 F.3d 1355, 1356 (11th Cir. 2003).  Whether a particular claim is procedurally defaulted is a mixed question of fact and law, which we review *de novo*.  *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001).

## III.     Discussion

7

Rogers argues that the district court erred in deeming his ineffective-assistance-of-appellate-counsel claim procedurally defaulted because when a federal court is faced with an unexplained state-court decision it is presumed that the adjudication was on the merits. Although Rogers acknowledges that this presumption may be overcome if there is reason to think some other explanation for the decision is "more likely," he maintains that such circumstances were not present in his case, that the district court's conclusion to the contrary was based on pure speculation, and he should have received the benefit of the adjudication on the merits presumption.

A state court's rejection of a petitioner's federal constitutional claim on "independent and adequate" state procedural grounds will generally preclude subsequent federal habeas review of that claim unless the petitioner can establish cause and prejudice for the default or that a failure to consider the claim will result in a fundamental miscarriage of justice. *Bailey v. Nagle*, 172 F.3d 1299, 1302–03, 1306 (11th Cir. 1999). "To qualify as an 'adequate' procedural ground, a state rule must be 'firmly established and regularly followed.'" *Walker v. Martin*, 562 U.S. 307, 316 (2011) (quoting *Beard v. Kindler*, 558 U.S. 53, 60–61 (2009)).

> [T]he independent and adequate state ground doctrine is grounded in concerns of comity and federalism. Without the rule, . . . habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of [the habeas court's] jurisdiction and a means to undermine the State's interest in enforcing its laws.

8

*Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). Likewise, where a state court has "adjudicated [a claim] on the merits," the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a federal habeas court to give substantial deference to the state-court decision and precludes the granting of habeas relief unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Importantly, a federal habeas petitioner's procedural default of a claim in state court "precludes federal habeas review . . . only if the last state court rendering a judgment in the case rests its judgment on the procedural default." *Harris v. Reed*, 489 U.S. 255, 262 (1989). Thus, "[i]f the 'last state court rendering a judgment in the case clearly and expressly states' that its judgment denying the petitioner's federal claim rests on a state-law procedural bar, then the federal courts must respect the state court's decision." *Owen v. Sec'y for Dep't of Corr.*, 568 F.3d 894, 908 (11th Cir. 2009) (quoting *Parker v. Sec'y for Dep't of Corr.*, 331 F.3d 764, 771 (11th Cir. 2003)). When the state court does not explain its decision, the federal habeas court "should 'look through' the unexplained

9

decision" to the last reasoned state-court decision and presume that the unexplained decision adopted that same reasoning. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). But, where, as here, there is no lower state-court decision to look through to, it may be presumed that the unexplained state-court decision constituted an adjudication on the merits "in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 99 (2011). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." *Id.* at 99–100.

Notably, the Supreme Court has rejected a requirement that a state-court decision must contain a clear and express statement that it is relying on a state procedural ground in order for a federal court to determine that the state-court decision rests on an independent and adequate state law ground. *Coleman*, 501 U.S. at 738–39. Thus, in *Coleman*, the Supreme Court concluded that the petitioner's claims were procedurally barred from federal review even though the state court had dismissed the petition without explanation. *Id.* at 740. The Supreme Court clarified in a subsequent decision that "although the order [in *Coleman*] was unexplained, the nature of the disposition ('dismissed' rather than 'denied') and surrounding circumstances . . . indicated that the basis was procedural default." *Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991). With these principles in mind, we turn to Rogers's claim on appeal.

10

Florida has a two-year limitations period from the date the petitioner's judgment and sentence become final following direct review for filing a state habeas corpus petition alleging ineffective assistance of appellate counsel. *See* Fla. R. App. P. 9.141(d)(5). Rogers concedes that his petition was filed outside this two-year window, but maintains that he met the exception to the rule that permits the filing of a petition within four years of the date the judgment and sentence became final if the petition "alleges under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the appeal by counsel." *Id.* Specifically, in his Rule 9.141 petition, Rogers alleged that he retained counsel to represent him in his direct appeal and that she told Rogers that she had selected the "best issues" for appeal and that if the Fifth DCA did not reverse on those issues, "they wouldn't reverse on anything." Counsel's statements led Rogers to believe that his convictions and sentences would be overturned on appeal. But his convictions and sentences were not overturned on direct appeal, and, therefore, Rogers asserted that his appellate counsel affirmatively misled him as to the "expected results of the appeal." He also asserted that, following the Fifth DCA's affirmance of his convictions and sentences, he spoke with a different attorney at the same law firm (not his counsel of record) and inquired about options for "continued appeal" and that this attorney stated he would "look into it," but never got back to Rogers regarding his inquiry. But Rogers's allegation that he was

11

affirmatively misled by counsel about the *expected* results of his appeal and received bad advice afterwards as to additional avenues for appeal is not the same thing as alleging that he was "affirmatively misled about the results of the appeal." Rogers did not allege that his counsel affirmatively misled him as to the fact that his direct appeal was denied, which was "the result[] of the appeal." Therefore, given that Rogers's petition, which was filed outside the two-year window, did not contain an allegation that his counsel misinformed him about the actual results of his appeal as required by Rule 9.141(d)(5), it is "more likely" that the Fifth DCA dismissed the petition as untimely. *See Partridge v. Moore*, 768 So. 2d 1128, 1129 (Fla. 1st Dist. Ct. App. 2000) (concluding that a habeas petition was time barred because it was filed outside the two-year window and noting that, although the petitioner alleged that he had received bad advice from his counsel in relation to his direct appeal, he made "no allegation that his appellate counsel misinformed him about the *results* of the direct appeal"); *see also Nava v. State*, 781 So. 2d 1136, 1136 (Fla. 4th Dist. Ct. App. 2001) (holding that a habeas petition was untimely because the petitioner's allegation that appellate counsel failed to inform him of the court's decision was insufficient to qualify for the exception to the two-

12

year limitations rule and he did not "allege that his attorney 'affirmatively misled' him about the affirmance" (emphasis omitted)).[2]

Furthermore, as the district court found, the fact that the Fifth DCA dismissed—rather than denied—the petition within two weeks of its filing and without ordering a response from the State is another indicator that it is "more likely" that, under the circumstances of this case, the Fifth DCA dismissed the

---

[2] In his reply brief, Rogers asserts that the allegation in his state habeas petition concerning counsel misleading him was really about the fact that, after his convictions and sentences were affirmed on direct appeal, he spoke with his appellate counsel and "counsel affirmatively misled him as to his continued representation and pursuing other options." He argues that this contention satisfies the exception in Fla. R. App. P. 9.141(d)(5). But Rogers's contention is belied by the record. In his state habeas petition, Rogers expressly "aver[red] under oath that he is entitled to file within the 4-year limitations period, as aforementioned counsel affirmatively misled Petitioner, with regard to the expected results of the appeal." He then detailed how he hired Adam Tanenbaum and Rachel Zysk of Carlton Fields, P.A., to represent him on direct appeal and that Zysk told him that she had selected the "best issues" for appeal, "and that if the District Court didn't reverse on those issues, they wouldn't reverse on anything." This conversation led Rogers to believe that his direct appeal would be successful, and, when it was not, Rogers alleged that he "spoke with" Kevin Napier—a different attorney at Carlton Fields and not his attorney of record—and inquired about the possibility of further appeal, but that he never heard back from Napier. Similarly, in Rogers's motion for rehearing following the dismissal of his petition, Rogers alleged that his petition was timely pursuant to Fla. R. App. P. 9.141(d)(5) because he "included the specific advice provided by counsel which misled him as to what the results of his direct appeal proceedings would be." These statements from Rogers's state court pleadings confirm that the basis for Rogers's contention that his petition was timely was that his counsel misled him as to the expected outcome of his direct appeal, not that his counsel misled him about continued representation after the direct appeal concluded. In any event, even assuming arguendo that Napier was Rogers's counsel—which does not appear to be the case from the record—and that he misled Rogers as to his continued representation and options for further appeal (which also is not supported by the record), such misinformation does not relate to "the results" of Rogers's direct appeal and would not satisfy the exception to the two-year limitations period provided for in Fla. R. App. P. 9.141(d)(5) (providing that such habeas petitions alleging ineffective assistance of appellate counsel "shall not be filed more than 2 years after the judgment and sentence become final on direct review unless it alleges under oath with a specific factual basis that the petitioner was affirmatively *misled about the results of the appeal by counsel*" (emphasis added)); *Partridge*, 768 So. 2d at 1129.

petition as untimely and did not reach the merits.  Rogers argues that the various

DCAs in Florida have occasionally denied untimely petitions as opposed to

dismissing them, and, therefore, the fact that his petition was dismissed should

carry little weight.  But the Fifth DCA, which dismissed Rogers's petition, has held

that, when a habeas petition or postconviction motion is untimely or otherwise

procedurally barred, the "appropriate disposition" is dismissal of the petition as

opposed to the denial of the petition.  *See Richardson v. State*, 918 So. 2d 999,

1003–04 (Fla. 5th Dist. Ct. App. 2006) (citing *Baker v. State*, 878 So. 2d 1236,

1245–46 (Fla. 2004)).  We have no reason to believe that the Fifth DCA would

have departed from its own precedent in Rogers's case and dismissed the petition

when it was actually disposing of the claim on the merits.[3]  *See Tower v. Phillips*, 7

F.3d 206, 211 (11th Cir. 1993) ("[W]e may not assume that had the state court

issued an opinion, it would have ignored its own procedural rules and reached the

merits of the case.").

Accordingly, the presumption that the unexplained Fifth DCA's decision

was an adjudication on the merits was overcome because it is more likely, in light

of the nature of the disposition and the surrounding circumstances of this case, that

---

[3] Moreover, even if Florida DCAs occasionally "deny" untimely petitions, that fact does not necessarily aid Rogers.  Rather, Rogers would need to point to an instance where a Florida court disposed of a habeas petition on the merits by "dismissing" it—because that is what he is arguing happened in his case—and he has not pointed to any such case.

14

the Fifth DCA dismissed Rogers's petition as untimely, pursuant to Fla. R. App. P. 9.141(d)(5). *See Harrington*, 562 U.S. at 99–100; *Coleman*, 501 U.S. at 739–40. And Fla. R. App. P. 9.141(d)(5) is an independent and adequate state procedural ground that is firmly established and regularly followed. Rogers does not argue on appeal that he can show either cause and prejudice or a fundamental miscarriage of justice for purposes of overcoming the procedural default.[4] Consequently, the district court did not err in concluding that Rogers's claim was procedurally defaulted and barred from federal habeas review. *See Bailey*, 172 F.3d at 1302–03.

**AFFIRMED.**

---

[4] Although Rogers argued in the district court that he could establish cause and prejudice to overcome the default, the district court determined that he failed to do so. Because Rogers does not challenge this ruling on appeal, he has abandoned that issue. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal . . . are deemed abandoned."); *Lambrix v. Singletary*, 72 F.3d 1500, 1506 n.11 (11th Cir. 1996) (explaining that a habeas petitioner abandoned several claims that he raised in the district court because he failed to "reassert these claims on appeal").